**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**No. 09-17-00154-CR**
**No. 09-17-00155-CR**
**No. 09-17-00156-CR**
**No. 09-17-00157-CR**
**No. 09-17-00158-CR**
**No. 09-17-00159-CR**

_____

**RONALD EVAN COOPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-09-09857-CR (Counts 1, 2, 3, 4, 5, & 6)**

_____

**MEMORANDUM OPINION**

In six appeals, Ronald Evan Cooper seeks to overturn his four convictions for

intoxication manslaughter and his two convictions for aggravated assault with a

deadly weapon.[1] In a single issue, which is common to all six of Cooper's briefs, Cooper argues the trial court erred by admitting a record into evidence during his trial that reveals he told an emergency-medical responder that "he sees a pain management physician[.]" According to Cooper, the record made by the emergency responder was (1) not relevant to proving he committed the crimes, (2) inadmissible as character evidence to prove that he was acting in conformity with his character at the time of the events at issue, and (3) more prejudicial than probative in proving that he was guilty of the crimes at issue in his appeals.[2]

Because Cooper failed to establish the trial court erred, we affirm.

## Background

All six of Cooper's appellate briefs address a single evidentiary issue—whether the trial court erred by admitting the emergency-medical responder's

---

[1] *See* Tex. Penal Code Ann. §§ 49.08, 22.02(a)(2) (West 2011). The same jury heard all six of Cooper's cases in one trial, Trial Court Cause Number 15-09-09857-CR. On appeal, the clerk assigned Cooper's six appeals six appellate numbers.

[2] *See* Tex. R. Evid. 401 (defining relevant evidence); Tex. R. Evid. 403 (allowing a trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice); Tex. R. Evid. 404(b) (providing that evidence of crimes, wrongs, or other acts is not admissible to prove a person's character).

written report into evidence during his trial. For that reason, only a limited discussion of the background facts is needed to explain our resolution of Cooper's appeals.

In late September 2015, while driving a car in the westbound lane on State Highway 105, Cooper struck the rear bumper of the car traveling in front of him. When the collision occurred, Cooper was on his way home after attending services at his church. The lead car, which Cooper hit, had four occupants: Roland Sedlmeier, Roland's wife, and their two children. When Cooper hit the Sedlmeiers, the car they were in crossed the highway and collided with an eastbound SUV. The head-on collision between the Sedlmeiers' car and the SUV injured the teenagers travelling in the SUV. All four of the occupants in the Sedlmeiers' car died at the scene.

Police officers and paramedics came to the scene shortly after the two collisions occurred. Three paramedics evaluated Cooper, who had no apparent injuries. The paramedics treating Cooper, however, noticed that Cooper exhibited signs consistent with intoxication. Several officers who came to the scene observed the same signs. Cooper told one of the paramedics who treated him that "he took his oxycodone 20mg and valium 10mg this morning at 5am." Specimens of Cooper's blood, obtained with Cooper's consent, showed that Cooper had oxycodone, diazepam, desmethlydiazepam (the metabolite of diazepam), and gabapentin in his system.

3

In December 2015, a grand jury indicted Cooper for the six crimes, on four counts of intoxication manslaughter[3] and on two counts of aggravated assault with a deadly weapon.[4] Thirty-four witnesses testified in the guilt-innocence phase of Cooper's trial. A forensic toxicologist, called by the State, testified that the side effects of the drugs found in Cooper's system are consistent with the symptoms of intoxication described by the witnesses who saw Cooper at the scene. When the State offered the emergency-responder's report into evidence, Cooper objected to it. In a bench conference, conducted outside the presence of the jury, Cooper lodged two objections to the report, claiming that (1) it was not relevant and (2) it was more prejudicial than probative because it contains information revealing that he was seeing a pain management doctor. In pertinent part, the narrative portion of the emergency-responder's report states:

> [Cooper] states that he has a history of MVA's with significant injuries that cause chronic pain that he sees a pain management physician for: Dr. Resnik Saqer. [Cooper] states that he had a visit with his pain management doctor as well as his primary care doctor last week and got a "clean bill of health."

---

[3] *See* Tex. Penal Code Ann. § 49.08 (a person commits intoxication manslaughter if he operates a motor vehicle in a public place while intoxicated and, by reason of that intoxication, causes the death of another by accident or mistake).

[4] *See id.* § 22.02(a)(2) (a person commits aggravated assault with a deadly weapon if he intentionally, knowingly, or recklessly causes bodily injury to another while using or exhibiting a deadly weapon).

When the guilt-innocence phase ended, the jury found Cooper guilty on all six counts of the indictment on which he was tried.

In the punishment phase of the trial, Cooper asked that the trial court assess his sentences. The State asked the trial court to require Cooper to serve his sentences consecutively.[5] When pronouncing Cooper's sentences, the court ordered Cooper to serve twenty-year sentences on all six of his convictions. The judgments the trial court signed include a cumulation order, which requires Cooper to serve his sentences for intoxication manslaughter convictions consecutively.[6]

## Standard of Review

Cooper raises one issue in all six of his briefs. In the briefs, Cooper complains the trial court erred by admitting a report containing his statement that he was seeing a pain management doctor to prove he committed any of the crimes for which he was tried. In his briefs, Cooper argues the statement is inadmissible because it was

---

[5] *See id.* § 3.03(b)(1)(A) (West Supp. 2018) (providing that, if the defendant's convictions for intoxication manslaughter arose out of the same episode, the trial court may order the sentences for the convictions to run concurrently or consecutively).

[6] Intoxication manslaughter and aggravated assault with a deadly weapon are both second-degree felonies, and each of these crimes, generally, exposes the defendant to a sentence of between two and twenty years in prison. *See id.* §§ 12.33, 49.08(b), 22.02(b) (West 2011).

(1) not relevant to proving his guilt, (2) inadmissible as character evidence to prove that he was acting in conformity with his character for taking drugs, and (3) more prejudicial than probative because the statement allowed the jury to infer without a sufficient basis that he abuses prescription drugs.[7]

Appellate courts review challenges to a trial court's ruling to admit or to exclude evidence using an abuse-of-discretion standard.[8] Under that standard, the trial court does not abuse its discretion when admitting evidence unless the ruling the trial court made "lies outside the zone of reasonable disagreement."[9] The trial court's ruling admitting evidence will be upheld if it can be sustained under any theory of law that applies in the defendant's case.[10]

---

[7] *See* Tex. R. Evid. 401, 403, 404(b).

[8] *See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018) (Appellate courts "review the trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard."); *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016) ("Appellate courts review a trial court's ruling on the admissibility of Rule 404(b) evidence for an abuse of discretion.").

[9] *See Gonzalez*, 544 S.W.3d at 370 (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)).

[10] *Henley v. State,* 493 S.W.3d 77, 93 (Tex. Crim. App. 2016).

Analysis

*Relevance*

Cooper disputed that he was intoxicated when the collision occurred. During the guilt-innocence phase of the trial, Cooper called a doctor who testified that the drugs found in his system were within the therapeutic range required to treat the condition for which he was being treated. Relying on the toxicology test, the doctor testified that the levels of the medications found in Cooper's system would not have caused Cooper to lose the normal use of his faculties. The State's theory at trial, however, was that Cooper was intoxicated based on the combination of drugs found in his system on the day of the collision.[11] Under this theory, the State needed to prove that even though the drugs in Cooper's system were within a therapeutic range, Cooper did not have the normal use of his faculties when the collision occurred.

Generally, evidence is admissible when it is relevant to the facts that are at issue in the dispute.[12] Thus, evidence is relevant if "(a) it has any tendency to make

---

[11] Tex. Penal Code Ann. § 49.01(2)(A) (West 2011) (defining intoxication as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body").

[12] *See* Tex. R. Evid. 402 (explaining that generally, relevant evidence is admissible, while irrelevant evidence is not.)

a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[13] The fact that Cooper was seeing a pain management doctor explains why Cooper had access to the prescription drugs detected in his system. In the context of the facts before the jury in Cooper's case, the trial court could have determined that Cooper's ability to access the prescription drugs provided a logical connection to explain why Cooper had prescription medications in his system while he was on his way home from church.[14]

While Cooper argues the State did not need evidence showing that he had access to prescription drugs to prove its case, the test for relevancy does not require that the evidence be necessary to proving a fact of consequence.[15] Instead, relevant evidence need only make a fact material to the dispute more or less probable, it does not need to *establish* the proposition.[16] Because the trial court's ruling to admit the statement that Cooper challenges in his appeals falls within the zone of reasonable disagreement, we conclude the trial court did not abuse its discretion by admitting

---

[13] Tex. R. Evid. 401.

[14] *Gonzalez*, 544 S.W.3d at 370.

[15] Tex. R. Evid. 401.

[16] *Id.*

8

the statement Cooper made to the emergency responder, which she recorded in her report.[17]

*Inadmissible Extraneous-Act*

Next, Cooper argues that the trial court should have excluded the statement in the report referencing the pain management doctor because it alluded to an extraneous act, derogatory to his character, which he claims allowed the jury to infer that he abuses prescription drugs. Generally, evidence of extraneous acts is inadmissible for the purpose of proving "that on a particular occasion the person acted in accordance" with a trait regarding the person's character.[18] But to preserve error, the defendant must make a timely objection and identify the legal basis for the objection to allow the trial court to understand the grounds on which the objection has been made.[19]

In its brief, the State argues that Cooper failed to preserve his objection to the emergency-responder's report under Rule 404(b). We agree. When the State offered the emergency-responder's report into evidence, Cooper made a lengthy objection

---

[17] *Gonzalez*, 544 S.W.3d at 370.

[18] Tex. R. Evid. 404(b)(1).

[19] *See Ford v. State*, 305 S.W.3d 530, 533-34 (Tex. Crim. App. 2009); *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993).

9

to the portion of the report where it states he was seeing a pain management doctor. While Cooper objected to the statement in the report on the grounds that this portion of the report was irrelevant and "highly prejudicial," the discussion between Cooper and the trial court about the report shows the trial court did not appreciate Cooper's complaint to encompass Rule 404(b). Objections based on relevance or undue prejudice are not sufficiently specific to allow the trial court to understand that the party is also complaining the evidence is inadmissible under Rule 404(b).[20] Cooper's objections, which addressed relevance and prejudice, failed to put the trial court on notice that he was objecting to the report under Rule 404(b). We hold that Cooper failed to preserve his Rule 404(b) argument for our review.

Moreover, even had the trial court appreciated Cooper's objection to encompass the argument he raises in his brief, any alleged error in admitting the report was cured when Cooper allowed substantially identical statements—that he was seeing a pain management doctor—to be admitted without objection in other

---

[20] *See Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (noting that a general objection to relevance does not preserve error concerning a Rule 404 extraneous-act claim); *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (holding that objections under Rules 401 and 403 did not preserve the defendant's complaint under Rule 404(b)); *see also* Tex. R. App. P. 33.1 (noting that to preserve error for appellate review, the complaining party must show that he presented his complaint to the trial court in a timely request, objection, or motion and that the trial court ruled on the request).

testimony. Before admitting the emergency-responder's report, the jury saw a video-recording showing Cooper telling the emergency responder that he sees a pain management doctor who gave him a prescription for oxycodone and valium. After the trial court admitted the emergency-responder's report, the jury saw a video-recording showing Cooper telling a police officer that he sees a pain management doctor. Cooper failed to object to either of these statements.

"[I]t is well settled that an error in [admitting] evidence is cured where the same evidence comes in elsewhere without objection."[21] To preserve his right to complain about the statement in the emergency-responder's report, Cooper needed to object each time the same types of statements were offered into evidence.[22] Because the trial court admitted the video-recordings without objection, he cannot now successfully complain that the trial court erred by admitting the same statement in the emergency-responder's report.

---

[21] *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *see also Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

[22] *Leday*, 983 S.W.2d at 718 (explaining that, since Texas applies the "futility rule," a party must continue making futile objections on pain of waiver, even though the trial court previously ruled the evidence admissible).

*More prejudicial than probative*

Lastly, Cooper contends the statement in the emergency-responder's report was more prejudicial than probative to proving any disputed issues in his trial. Under Texas Rule of Evidence 403, trial courts may exclude relevant evidence if the probative value of the evidence is substantially outweighed by the danger that it would be unfairly prejudicial. When conducting a Rule 403 analysis, the trial court must balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.[23]

While it is possible for evidence to be more prejudicial than probative, "there is a presumption that relevant evidence is more probative than prejudicial."[24]

When the trial court considered Cooper's objection to the report, Cooper argued that including his statement had "zero probative value" and was prejudicial

---

[23] *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

[24] *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

12

because including his statement would allow the jury to infer that he abused prescription drugs. Before overruling Cooper's objections, the trial court stated that the trial court viewed the probative value of the evidence as "probably great." The court also mentioned that it was unsure whether the fact that someone was being seen by a pain management doctor carried the negative connotation that Cooper claimed.

In deciding if the trial court abused its discretion by overruling Cooper's objection, we must determine whether the ruling is reasonable "'in view of all relevant facts.'"[25] Evidence that allowed the jury to infer that Cooper had access to the medications before the collision supports the jury's conclusion that Cooper voluntarily took the medications before the collision occurred. The trial court could reasonably have decided that the evidence at issue was more probative than prejudicial in the context of the evidence before the jury. Thus, we conclude the trial court's ruling is within the zone of reasonable disagreement and is not reversible.

Conclusion

Having considered Cooper's arguments, we overrule his sole issue and affirm the trial court's judgments.

---

[25] *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006) (quoting *Santellan*, 939 S.W.2d at 169).

13

AFFIRMED.

                                _____

                                      HOLLIS HORTON
                                           Justice

Submitted on September 12, 2018
Opinion Delivered March 27, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.