**MODIFY and AFFIRM; and Opinion Filed July 19, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00380-CR

### GENARO BAUTISTA PAZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-00593-N**

# MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

A jury convicted appellant Genaro Bautista Paz of manslaughter and assessed punishment

at fourteen years' confinement. In two issues, appellant contends the trial court erred in admitting

his driving record during the guilt-innocence phase of trial. In a single cross-issue, the State

requests correction of a clerical error in the trial court's judgment. For the following reasons, we

modify the trial court's judgment and, as modified, affirm.

BACKGROUND

On September 19, 2016, Veronica Chavez arrived home from work. Her daughter Maria

Espinoza-Chavez (Espinoza) was at home; appellant, Espinoza's boyfriend, was out with friends.

Chavez fell asleep, but Espinoza woke her about 10:00 p.m. to tell her Espinoza and appellant

were going out for tacos.

At around 10:20 p.m., Reed Williams was standing at the gate of the apartment complex where he worked as a security officer. He heard a screech and turned to see a gold car travelling "extremely fast" toward the intersection of Ferguson Road and Woodmeadow Parkway. The gold car struck a black car and then slammed into a light pole. The black car had been traveling the opposite direction on Ferguson Road and, at the time of the collision, was making either a u-turn or left turn onto Woodmeadow Parkway. According to Williams, the black car could not have been going more than fifteen to twenty miles per hour. The impact to the gold car, however, indicated to Williams that its driver was speeding. Williams did not know which car had a green light at the time of the collision. Williams approached the gold car. He smelled an odor of alcohol from appellant, the driver, when he tried to get appellant's attention. Appellant's eyes were glazed over and bloodshot. Williams did not see Espinoza initially; police officers had to remove the car's roof to extract her.

Nichole Guzman testified she was driving the black car, which she had stolen. She also testified she had been using heroin earlier in the day, but she was no longer feeling the effects of the heroin by the time of collision. Guzman approached the intersection to turn left onto Woodmeadow Parkway. She had a green arrow and, as she began to turn, saw another vehicle driving "really fast" from the opposite direction. That vehicle changed lanes to pass cars that had stopped for the light. As Guzman turned, the traffic signal turned from green to yellow, the oncoming vehicle drove into the intersection, and the two vehicles collided.

Espinoza died at the scene from blunt force trauma sustained in the collision. Appellant was transported to the hospital, where he told staff he did not remember the accident. His blood, drawn at approximately 11:00 p.m., showed an alcohol concentration of 158 milligrams per deciliter, which converted to a blood alcohol level between .13 and .14 grams per 100 milliliters of blood.

Dallas Police Officer Amber Hernandez tested appellant for signs of intoxication at the hospital. She testified his eyes were bloodshot and glassy and he had a slight odor of alcohol coming from his breath. Hernandez administered the horizontal gaze nystagmus test, and appellant tested positive for six of six clues. Hernandez testified a finding of four or more clues on the test may indicate an approximately eighty percent probability that the person being tested is intoxicated. Appellant was not in a position to perform some standardized field sobriety tests, but Hernandez asked him to count backwards between two numbers and, with some hesitation, he was able to do so successfully. Based on the totality of the circumstances known to Hernandez at the time, she informed appellant he was under arrest for involuntary manslaughter. With his consent, another blood sample was drawn just after 12:30 p.m. Toxicology chemist Heidi Christensen tested the sample and determined that it contained 0.094 grams of ethanol per 100 milliliters of blood. According to Christensen, appellant's blood alcohol concentration at the time of the collision would have been between 0.11 and 0.16. Hernandez testified the legal limit of intoxication is 0.08 grams of ethanol per 100 milliliters of blood.

Chavez spoke with appellant a few days later. Appellant asked Chavez to forgive him and told her the traffic light was green, he saw a huge light, and felt a hit. Although he had a few beers, appellant denied being drunk and told Chavez "that he was falling." On cross-examination, Chavez testified appellant was a family friend she felt she could trust to protect Espinoza. Chavez had ridden with appellant many times and considered him a safe and very careful driver. She did not know him to speed and did not think he would do so with Espinoza in the car.

The State offered a certified copy of appellant's driving record. The record contained an event history section listing twelve previous convictions, three of which were for operating a motor vehicle at a speed greater than the posted speed limit and one of which was for disregarding a

traffic signal or light.[1]  Appellant objected that the driving record was inadmissible under Texas Rules of Evidence 404(b) and 403,[2] and the State related that it was offering the driving record to rebut the defensive theory, and false impression, that appellant was a safe driver.  The trial court overruled appellant's objections and admitted the driving record into evidence.  The jury subsequently found appellant guilty of manslaughter and sentenced him to fourteen years' confinement.

ADMISSIBILITY OF DRIVING RECORD

In two issues, appellant contends the trial court erred in admitting his driving record in violation of rule 404(b) and, alternatively, rule 403. We review a trial court's ruling on the admissibility of evidence for abuse of discretion.  *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).  A trial court abuses its discretion if its ruling falls outside the zone of reasonable disagreement.  *Id.*  We must uphold the ruling if it is correct under any applicable theory of law. *Id.*

*Rule 404(b)*

Rule 404(b) prohibits admission of extraneous-offense evidence to prove a defendant committed a charged offense in conformity with a bad character.  TEX. R. CIV. EVID. 404(b)(1); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).  Such evidence may be admissible, however, if it has relevance apart from character conformity such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *See* TEX. R. EVID. 404(b)(2); *Devoe*, 354 S.W.3d at 469; *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim.

---

[1] Six of the remaining convictions were for operating a vehicle without motor vehicle liability insurance, and there was one conviction each for "ALR failure" and violating a promise to appear in municipal court.

[2] The State argues appellant has forfeited his complaint on appeal because his objection did not specify the particular parts of the driving record to which he objected.  We conclude appellant's rule 404(b) objection, which necessarily applied to admission of extraneous offenses, sufficiently alerted the trial court that appellant objected to the event history section showing his previous convictions and preserved the issue for our review on appeal.  Indeed, the State offered the driving record for the purpose of placing the previous convictions into evidence.

App. 2009) (rule 404(b)(2) is illustrative; its exceptions are neither collectively exhaustive nor mutually exclusive). Extraneous-offense evidence also may be admissible to rebut defensive theories if a party "opens the door" to the evidence by leaving a false impression with the jury in a manner inviting the opposing party to respond. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) (defensive theory raised in cross-examination opened door to extraneous-offense evidence); *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016) (defensive theory raised in voir dire and opening statement opened door to extraneous-offense evidence). When a witness makes a broad statement of good conduct or character directly relevant to the offense charged, an opponent may offer extrinsic evidence rebutting the statement. *See Daggett v. State*, 187 S.W.3d 444, 453 n.24 (Tex. Crim. App. 2005).

A person commits the offense of manslaughter when the person recklessly causes the death of an individual. TEX. PENAL CODE ANN. § 19.04. A person recklessly causes the death of another if the person is aware of but consciously disregards a substantial and unjustifiable risk that his conduct will result in death. *See* PEN. §§ 6.03(c), 19.04. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. PEN. § 6.03(c). Here, the State alleged the following conduct by appellant constituted reckless conduct and resulted in Espinoza's death: (1) operating a motor vehicle under the influence of alcohol; (2) failing to control a motor vehicle; (3) failing to operate a motor vehicle at a safe speed; (4) failing to obey a traffic control signal device; (5) failing to keep a proper lookout for another vehicle; (6) failing to make a safe lane change; and (7) causing another vehicle to strike his own.

Appellant asserts Chavez's opinion about appellant's driving, without personal knowledge of the incident, was not relevant to prove any facts at issue regarding the manslaughter offense.[3] But, appellant's counsel indicated an intent to pursue a defense of accident during voir dire, when he asked prospective jurors whether "accidents happen sometimes," whether someone has to be held criminally responsible when a death results from a car accident, and whether it was reckless for person to be driving if they had any amount of alcohol in their system. Then, appellant's counsel elicited Chavez's testimony, based on her personal knowledge having ridden in a vehicle with appellant many times, that appellant was a safe and very careful driver and she did not know him to speed.[4]

The State had to prove appellant recklessly caused Espinoza's death. Chavez's testimony, which supported appellant's defensive theory that Espinoza's death was simply the result of an accident – and not the result of appellant's recklessness, opened the door for the State to introduce evidence, including extraneous-offense evidence, to rebut it. *See Daggett*, 187 S.W.3d 453 n. 24; *Johnson v. State*, 145 S.W.3d 215, 222 (Tex. Crim. App. 2004) (State may rebut "it was an accident" or "it was inadvertent" defenses with evidence of other conduct by defendant tending to show his actions were not mistaken, inadvertent, or accidental). The driving record, which showed previous convictions for speeding and disregarding a traffic signal (conduct identical to conduct the State alleged constituted recklessness in this case), was relevant and admissible to rebut appellant's defense and the false impression left by Chavez's testimony. *See, e.g., De La Paz*, 279 S.W.3d at 344–47 (evidence of other "buy-bust" drug deals allowed under rule 404(b) where

---

[3] Appellant also argues the trial court should have sustained his rule 404(b) objection because the State failed to specify which 404(b)(2) exception authorized admission of the driving record. However, we conclude the State's statement that it was offering the driving record to rebut the defensive theory, and false impression, that appellant was a safe driver sufficiently identified the exception to rule 404(b)(1) that applied. Further, the exceptions listed in rule 404(b)(2) are not exhaustive, *De La Paz*, 279 S.W.3d at 343, and we must uphold the trial court's ruling if it is correct under any applicable theory of law. *See Johnson*, 490 S.W.3d at 908.

[4] The defensive theory also is reflected in the following additional questions appellant's counsel asked Chavez: "Do you really think [appellant] was speeding from your house to the accident?"; Do you believe that this was an accident, or do you believe [appellant] is responsible for your daughter's death?; and "Do you blame [appellant] for your daughter's death?" The trial court, however, sustained the State's objections to the questions, and Chavez did not respond to them.

appellant's defensive theory was State witnesses were lying about instant drug deal to please State); *Bass v. State*, 270 S.W.3d 557, 562–63 & n.7 (Tex. Crim. App. 2008) (evidence of pastor's other sexual assaults of girls in church office allowed under rule 404(b) where, in opening, pastor claimed allegations were "pure fantasy" and "pure fabrication" and he was "the real deal and the genuine article"); *Williams v. State*, 531 S.W.3d 902, 919 (Tex. App.—Houston [14th Dist.] 2017, pet. granted) (evidence that defendant driver ingested drugs the days before and day of crash rebutted defensive theory that crash "was caused by 'distraction' and was an unfortunate accident that should not have been criminalized, *e.g.*, that [defendant] was not driving recklessly").[5] Accordingly, we conclude the trial court did not abuse its discretion in admitting the driving record. We overrule appellant's first issue.

### Rule 403

Alternatively, appellant contends admitting his driving record violated rule 403, which authorizes a trial court to exclude relevant evidence if its probative value is substantially outweighed by its potential for unfair prejudice, confusion of the issues, mistaking the jury, undue delay, or needlessly cumulative evidence. *See* TEX. R. EVID. 403. To make a rule 403 determination, the trial court must balance (1) the inherent probative value of the evidence and (2) the State's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency to confuse or distract the jury from the main issues, (5) any tendency to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or be needlessly cumulative. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). In practice, these factors may well blend together. *Id.* at 642. We presume the probative value of relevant evidence substantially outweighs the danger of unfair

---

[5] In *Williams*, the court of criminal appeals has granted the appellant's petition for discretionary review on an unrelated issue.

prejudice from admitting the evidence. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). Because the trial court is in the best position to assess the impact of relevant evidence, we reverse a rule 403 determination "rarely and only after a clear abuse of discretion." *Id.*

Appellant contends the probative value of the driving record was minimal because it did not specifically prove, and the State did not need it to prove, the charged offense. However, as discussed above, the evidence was probative to rebut the defensive theory that Espinoza's death was an accident and not the result of appellant's recklessness. The State's need for the testimony was significant to discredit the impression from Chavez's testimony that appellant was a safe and careful driver that she did not know to speed.

Appellant also asserts admission of the driving record confused and prejudiced the jury by giving "an impression of [a]ppellant's driving without all the facts surrounding those incidents." However, the convictions were for offenses far less inflammatory than the manslaughter offense for which appellant was on trial. Further, the evidence was not cumulative of other evidence and was presented as a single exhibit published to the jury. There was no testimony on the convictions listed in the report, and the State did not refer to the report during its closing argument. Therefore, the trial court could have reasonably determined admitting the driving record would not have a tendency to be given undue weight by the jury, suggest a decision on an improper basis, or confuse or distract the jury from the main issues. Having considered the relevant factors, we conclude the trial court did not abuse its discretion in determining the prejudicial effect of the driving record did not substantially outweigh its probative value. *See, e.g., Williams*, 531 S.W.3d at 919–20. Accordingly, we conclude the trial court did not abuse its discretion in overruling appellant's rule 403 objection to the evidence. We overrule appellant's second issue.

MODIFICATION OF JUDGMENT

In a single cross-issue, the State requests that we reform the trial court's judgment to reflect the correct statute for the manslaughter offense. When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Here, the indictment alleged manslaughter in violation of Texas Penal Code section 19.04. *See* TEX. PEN. CODE ANN. § 19.04. The trial court's judgment correctly refers to the offense as "Manslaughter," but erroneously lists the "Statute for Offense" as "49.08 Penal Code."[6] Because the order contains a clerical error that we have authority to correct, we agree the judgment's statute for offense should be modified. We sustain the State's sole cross-issue. *See Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

We reform the trial court's judgment to replace "49.08" with "19.04" as the "Statute for Offense." As modified, we affirm the judgment. *See* TEX. R. APP. P. 43.2(b).

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

180380F.U05

---

[6] Section 49.08 applies to intoxication manslaughter offenses. *See* PEN. § 49.08.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GENARO BAUTISTA PAZ, Appellant

No. 05-18-00380-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F17-00593-N.

Opinion delivered by Justice Brown; Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> Replace "49.08 Penal Code" in the "Statute for Offense" section with "19.04 Penal Code."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of July, 2019.