

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD–1514-14

---

**RONNIE LEON DABNEY, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### WICHITA COUNTY

---

**MEYERS, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

A jury found Appellant, Ronnie Leon Dabney, guilty of manufacturing methamphetamine, and he was sentenced to 30 years in prison. He appealed the conviction, arguing that the trial court erred in admitting evidence of a prior unadjudicated offense of manufacturing methamphetamine because the State failed to give proper notice under Rule of Evidence 404(b).[1] The court of appeals held that the

---

[1]Unless otherwise noted, all future references to Rules refer to the Rules of Evidence.

evidence was inadmissable and reversed the trial court's judgment.  *Dabney v. State*, No.

02-12-00530-CR, 2014 Tex. App. LEXIS 11496 (Tex. App.–Fort Worth Oct. 16, 2014)

(mem. op., not designated for publication).  The State filed a petition for discretionary

review raising the following three grounds:

> 1.  Did the Memorandum Opinion incorrectly add a notice requirement for rebuttal evidence that the State used to rebut Appellant's defensive theory after Appellant's counsel opened the door to such evidence in voir dire and in opening statement?
> 2.  Did the Memorandum Opinion ignore the Court of Criminal Appeals' directive that a trial judge is afforded almost absolute deference in determining whether a prosecutor acted willfully and thereby improperly substitute its judgment for the trial judge's in finding the prosecutor was engaging in gamesmanship instead of legitimately rebutting a defensive theory?
> 3. Did the Memorandum Opinion, in its harm analysis, improperly ignore the overwhelming evidence of Appellant's guilt, including the fact that he absconded during trial and was absent for closing arguments at guilt/innocence?

We will reverse the judgment of the court of appeals.

### FACTS

Prior to trial, Appellant filed a request for notice of the State's intent to use

evidence of extraneous offenses pursuant to Rule of Evidence 404(b).[2]  The State

---

[2]Rule 404(b) says:
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that

provided notice that it intended to use Appellant's prior DWI offense, two possession of

controlled substance offenses, and two assault offenses for impeachment or in the

punishment phase. The circumstances surrounding one of the prior possession of

methamphetamine convictions was the evidence that Appellant claims was improperly

raised by the State. During opening statements of the guilt stage of trial, Appellant stated

that the evidence would show that the methamphetamine lab found on his property was

set up by others in his absence and without his knowledge and that he arrived home just

minutes before the police arrived and discovered the lab. The defense stated to the jury:

> [H]ave you ever seen a movie like The Fugitive or Double Jeopardy where a person in movies is found in suspicious circumstances and arrest and convict them and then the rest of the movie they're trying to prove their innocence? Law enforcement is chasing them and ultimately at the end of the movie, lo and behold they're innocent and exonerated. Have you ever seen anything like that?
>
> * * *
>
> This case -- I have talked to you about movies where an innocent person is found in suspicious circumstances and they're arrested, convicted, sent to prison, and they escape. In the rest of the movie they're trying to show themself to be innocent when they are, in fact, innocent. That's what happens in this case. Ronnie is living that in real life.
>
> * * *
>
> Ronnie was upset that this happened. He didn't know it was going on; he didn't give permission; and he wasn't assisting or aiding.
>
> * * *
>
> Ronnie Dabney has been living this movie where he's innocent, found in suspicious circumstances, and he's trying to prove himself not guilty. At the end of this case, we're gonna ask you to end this -- this travesty he's been under and find him not guilty. Thank you.

The State filed a brief to the trial court stating that it should be allowed to present

_____

arising in the same transaction.

evidence of a previous methamphetamine lab at Appellant's residence in order to rebut

Appellant's defensive theory of accident or mistake. The State wished to present

evidence that in 2004 Appellant was present when a search warrant was executed on his

property and an active methamphetamine lab was found. Although Appellant was not

charged with manufacture of methamphetamine in the 2004 case, the State argued that the

similarities between the cases rebutted Appellant's defensive theory of accident or

mistake. Appellant objected on the grounds that Rule 404(b) required the State to provide

notice of its intent to use this offense. Outside the presence of the jury, the State argued:

> It's my contention that defense counsel, through jury selection, opening statement, and his examination of all my witnesses to this point, has advanced the theory that his client was the victim of an unfortunate accident or mistake. In jury selection he spoke about the movies, The Fugitive and Double Jeopardy where an innocent person, because of a series of unfortunate events, appears to be guilty and can't -- attempts to prove their innocence. He asked panel members if they believed that that sort of thing happened in real life. Then in opening statement he continued with that theme in saying that his client has, quote, been living a nightmare like just out of one of those movies. It was some quote to that effect. And then he advanced an elaborate theory about how the Defendant was trying to help someone out at his house and had given him his keys. And then he goes to help someone fill their car up with gas. When he gets back, these other individuals have let someone else operate a meth lab there. It's all this big mistake or misunderstanding. And that -- then he proceeds to pursue that defensive theory of accident; argued that their witnesses in their opening that they smell of ether on the Defendant's clothes comes from when he goes into the shop and tells the guy to get his stuff and leave. So that's an innocent explanation for that piece of evidence. And then the two gentlemen outside the trailer that go into the trailer when Officer Whitefield drives up, he has suggested multiple times that they could have planted the baggies and/or the coffee grinder inside the house. And so he's continued with this defensive theory that his client is just the victim of an innocent -- or of innocent actions that through unlucky events, through an accident or

mistake, he appears guilty.

* * *

In July of 2004, the North Texas Regional Drug Task Force executed a search warrant at the same residence, 823 Rathgeber. The Defendant was present. There was an active meth lab in that trailer. And the Court of Criminal Appeals case law talks about Professor Whitmore's Doctrine of Chances, that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance. So you might have this series of unfortunate things that happen once, but when almost identical things have happened in the past, the odds of it being an accident or mistake just are impossible. And that's why it serves as rebuttal evidence. The Court of Criminal Appeals has also explained that there is no need for the State to wait until a rebuttal portion -- until the defense presents its case when a defense attorney in opening statement chooses to make their opening after the State's opening and advances this theory. The Court of Criminal Appeals says that we can rely on what [defense counsel] said in his opening as to his theory of the case and through his examination of the witnesses. And I think it's very clear that he is advancing that theory, and so there's no reason to wait. The Court of Criminal Appeals to -- for rebuttal portion says that we can present this rebuttal evidence in our case in chief. The testimony is simple and directly rebuts the theory.

* * *

And while I gave notice of the prior conviction that this offense comes out of in 42,517-A, that was back on November 1st, 2011. So [defense counsel] was on notice about that. There -- the notice requirements do not apply to rebuttal witnesses nor do they apply to rebuttal extraneous offenses. So he was on notice, but there is no notice requirement for rebuttal evidence as the Court is well aware. Finally, I believe that the probative value of this evidence outweighs any unfair prejudicial effect. For all the reasons that I've mentioned, the defense counsel has aggressively advanced this -- you know, it's all a mistake, you know, his client's living a nightmare just like one of these movies, and so he's clearly advanced that theory. The similarities between the 2004 event and this event is almost identical except the meth lab is in the trailer not in the shop. But otherwise, it's his residence, same place, he's present when the search warrant is executed, and all of these acutrements of a meth lab are found right there. So it's very probative.

The trial court ruled that the evidence was admissible. The State presented the testimony

of an investigator for the DA's office, Bobby Dilbeck, a former police officer who had executed a search warrant on Appellant's residence in 2004. During that search, officers found items commonly used in methamphetamine labs, but did not notice any chemical odor and did not find several of the components necessary to make methamphetamine. As a result of this 2004 search, Appellant signed a judicial confession to possessing methamphetamine. After the rebuttal witness testified, the trial court said to the jury, "Ladies and gentlemen, let me tell you that this evidence you've heard has been admitted for the limited purpose of rebutting, if it does, the defensive theory of mistake or accident. Also you'll receive this type of instruction again in the Court's Charge prior to your deliberations."

In its closing arguments, the State again mentioned the prior offense and how it served to rebut the defensive theory:

> The unluckiest man in the world. He wants you to think that his client is Harrison Ford from The Fugitive, but there's this confluence of unfortunate events that frame him. But, ladies and gentlemen, common sense says it's not an accident if it has happened twice. That's why we were able to bring you the 2004 incident and you got to hear the testimony from Bobby Dilbeck, and you got to see the Defendant's Judicial Confession. And you got to hear when they got called out by that CI. CI told the North Texas Drug Task Force that Mr. Dabney was selling meth out of his trailer. They execute a warrant on the property. He's present. They have all the accoutrements for a meth lab, all the items, pseudoephedrine, the various items plus they have meth. You can see his Judicial Confession. You get to consider that because the law -- it's the Doctrine of Chances. Something bad might happen to you once that's an accident, but if it happens twice, it's not an accident, it's not a mistake. And, ladies and gentlemen, that's important evidence that rebuts their defensive theory. [Defense counsel] used this movie theme, that this is a movie and his client is trapped in a

> movie where he's trying to -- he's an innocent person through this unfortunate set of circumstances, he's framed. If this is a movie, ladies and gentlemen, it's a sequel. If this is a movie, ladies and gentlemen, it would be titled Meth Lab at Ronnie's, Part 2. This time they move it to the shed. It's happened twice. That rebuts their defensive theory. It's not an accident, it's not a mistake. He knew what he was doing.

The trial court reiterated the instructions it had previously given the jury regarding their consideration of the rebuttal evidence by including the following language in the jury charge:

> You are further instructed that if there is any evidence before you in this case regarding the defendant's committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and even then you may only consider the same as evidence to rebut the defensive theory of mistake or accident.

The jury found Appellant guilty of manufacturing methamphetamine and the trial court sentenced him to 30 years in prison.

## COURT OF APPEALS

Appellant argued that the trial court erred in admitting evidence of the prior crime because the State did not give notice under Rule 404(b). The State contended that Appellant opened the door to the extraneous offense by asserting that he did not know that there was a methamphetamine lab in his home. The court of appeals stated that Appellant had not raised a defense of mistake or accident and that the extraneous offense, for which Appellant was not prosecuted or convicted, was not true rebuttal evidence. *Dabney*, 2014 Tex. App. LEXIS at *15-17. Citing our opinion in *Oprean v. State*, 201

S.W.3d 724 (Tex. Crim. App. 2006), the court of appeals reasoned that, despite the discovery order, the prosecutor made a tactical decision not to disclose his intent to present evidence of the prior offense. *Dabney*, 2014 Tex. App. LEXIS at *20. The court of appeals held that "the trial court abused its discretion by allowing the State to present evidence to the jury of the alleged extraneous offense of manufacturing methamphetamine when same had not been revealed to Appellant in response to his 404(b) request." *Id*. Concluding that the evidence would not have been admissible even with proper notice, the court of appeals reversed the trial court's judgment and remanded the case to the trial court for a new trial. *Id*. at *25-26.

## ARGUMENTS OF THE PARTIES

The State argues that the court of appeals improperly created a notice requirement for evidence used to rebut a defensive theory that was raised in voir dire and opening statements. Appellant raised the defense that he was in the wrong place at the wrong time with the wrong people and did not know that his guests had set up a methamphetamine lab on his property. The State says that the rebuttal evidence that officers had previously found a methamphetamine lab on Appellant's property was highly relevant to refute Appellant's claim that he was a victim of circumstance. The State says that notice is not required for rebuttal evidence because it cannot predict the need for such evidence until the defensive theories are presented. According to the State, the decision of the court of appeals leads to the absurd result of requiring the State to predict any and every possible

theory that the defense may raise and give notice of all evidence that could be used to refute those theories.

The State argues that the court of appeals failed to defer to the trial court's determination that the extraneous offense evidence was offered for purposes of rebutting the defensive theory. Instead, the court of appeals unfairly speculated about the motives of the prosecutor and, without any support in the record, implied that he engaged in legal gamesmanship and trial by ambush. The State contends that the extraneous offense evidence was presented because Appellant's defense that the methamphetamine lab was created without his knowledge "becomes considerably less probable when one learns that Appellant had previously operated a meth lab on the same premises." The State says that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice because the evidence casts serious doubt on Appellant's defensive theory and, thus, the trial judge was correct in admitting the evidence. The State notes that the trial judge was in the best position to determine whether the prosecutor needed to present the extraneous offense evidence to rebut the defensive theory and whether the prosecutor was attempting to circumvent the trial judge's discovery order, and therefore, the court of appeals should defer to the judge's decision to admit the evidence. The State contends that the defense had notice that the prosecution may use the evidence in question because the prosecutor had timely filed a notice of prior convictions that included Appellant's 2004 conviction for possession of methamphetamine that formed the basis for the rebuttal

evidence. Finally, the State argues that the court of appeals failed to consider evidence of Appellant's guilt in its harm analysis.

Appellant argues that the State has a duty to anticipate what defensive issues it may want to rebut and provide notice of its intent to introduce any extraneous offense into evidence. Appellant says that the evidence in question went to an elemental fact in the case and thus was not rebuttal evidence. Appellant argues that the State was required to provide notice of its intent to offer the evidence and that the trial court erred in allowing the extraneous offense into evidence. According to Appellant, his defense was a general denial that he committed the offense, which does not open the door to evidence of extraneous offenses. Appellant argues that the cases cited by the State are distinguishable from the case before us and that the State cites no cases standing for the proposition that Rule 404(b) does not apply when the defense opens the door to the admission of extraneous-offense evidence. Appellant says that the State is asking us to do away with the notice requirement of Rule 404(b).

Appellant contends that the State's Rule 609 notice of intent to introduce his prior conviction for possession of a controlled substance did not put him on notice that it intended to offer, in its case-in-chief, an extraneous offense of manufacturing a controlled substance. Appellant says that Rule 609 allows for the introduction of evidence to impeach the defendant's credibility if he testifies, not for the introduction of extraneous offenses in the State's case-in-chief. He also says that, while Rule 609 may allow for the

introduction of evidence that a witness has been previously convicted of a crime, specific details of the crime are inadmissible.  Moreover, Appellant says that the details of the crime that were presented by the State were false and were not proven beyond a reasonable doubt.  Specifically, Appellant notes that he had been charged only with possession of a controlled substance as a result of the 2004 search because officers did not uncover several of the items necessary for manufacturing methamphetamine and that the State could not prove the offense of manufacturing a controlled substance.  Because the State was aware of the details of the extraneous offense, Appellant says that the failure to give notice was a willful violation of the pre-trial order.  Finally, Appellant argues that the admission of the extraneous offense was not harmless error.

**CASELAW**

In *Powell v. State*, 63 S.W.3d 435 (Tex. Crim. App. 2001), the defendant claimed in opening statements and during cross-examination of the complainant that he could not have committed the offense of indecency with a child because there were other people in the room when the alleged molestation occurred.  The State offered, as rebuttal evidence, the testimony of witnesses who said that the defendant had molested them under circumstances almost identical to the charged offense.  *Id*. at 437.  The court of appeals reversed the trial court, deciding that the evidence was inadmissible because it was offered to show character conformity.  We noted that, because trial courts are in the best position to decide admissibility questions, appellate courts must review a trial court's

decision under an abuse-of-discretion standard. *Id*. at 438. We determined that it was at least subject to reasonable disagreement whether extraneous offense evidence that Powell molested other girls in the presence of others rebutted his defensive theory that he had no opportunity to commit the offense because he was never alone with the complainant. *Id*.

Similar to the case before us, the extraneous-offense evidence raised in *Bass v. State*, 270 S.W.3d 557 (Tex. Crim. App. 2008), was presented in the State's case-in-chief as rebuttal to the defense raised in the defendant's opening statements. We decided that a defense opening statement could open the door to the admission of extraneous-offense evidence to rebut the defensive theory presented in the opening statement. *Id*. at 563. We noted that, although a defensive opening statement is not itself evidence, the statement does inform the jury and the State of the nature of the defense to be raised and the State may rebut this anticipated defensive evidence in its case-in-chief. *Id*.

The "doctrine of chances" tells us that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance. *De La Paz v. State*, 279 S.W.3d 336, 347 (Tex. Crim. App. 2009) (citing 2 JOHN WIGMORE, EVIDENCE § 302 at 241 (Chadbourn rev. 1979)). In *De La Paz*, the defendant was a former narcotics detective charged with tampering with physical evidence for filing a false police report about a fake drug deal. His defense was that, although there were other officers conducting surveillance at the scene who did not see any contact between the informant and the suspect, he had indeed witnessed the drug deal. The State was permitted to present evidence of two other fake

drug deals that De La Paz said he witnessed, but that other officers, as well as the confidential informant, claimed never occurred. Under the doctrine of chances, De La Paz's defense that he witnessed a drug deal that no one else was able to see becomes less believable when presented with evidence that he has made the same highly unlikely claim two other times. We concluded that the extraneous-offense evidence was admissible to rebut the defendant's assertion of innocent intent. *De La Paz*, 279 S.W.3d at 348.

## ANALYSIS

As we stated in *De La Paz*, Rule 404(b) is a rule of inclusion rather than exclusion–it excludes only evidence that is offered solely for proving bad character and conduct in conformity with that bad character. 279 S.W.3d at 343. While Rule 404(b) requires the State to provide notice of other crimes, wrongs, or acts it plans to introduce in its case-in-chief, there is an exception to this notice requirement when the defense opens the door to such evidence by presenting a defensive theory that the State may rebut using extraneous-offense evidence. To hold otherwise would impose upon the State the impossible task of anticipating, prior to the beginning of trial, any and all potential defenses that a defendant may raise. Appellant's defense that he did not know that there was a methamphetamine lab on his property opened the door to the admission of evidence that officers had previously found a methamphetamine lab on his property. Under the doctrine of chances, Appellant's defense that he found himself in an unfortunate, highly unlikely situation becomes less credible when presented with evidence that he has been

found in that exact same situation before. Because Appellant presented his defensive theory in opening statements, the State could use extraneous-offense evidence to rebut this theory in its case-in-chief rather than waiting until the defense rested. *Bass*, 270 S.W.3d at 563. Rebuttal evidence that was raised by the State only after the defense opened the door to such evidence in opening statements is not subject to the Rule 404(b) notice requirement, and the court of appeals erred in holding otherwise.

Appellate courts review a trial court's ruling on the admissibility of Rule 404(b) evidence for an abuse of discretion. The trial court's ruling on whether extraneous-offense evidence was admissible to rebut a defensive theory should be upheld if it is within the zone of reasonable disagreement. Reversing a trial court's decision solely because the appellate court disagrees with it is a misapplication of the abuse-of-discretion standard. *Powell*, 63 S.W.3d at 438.

The case cited by the court of appeals, *Oprean v. State*, 201 S.W.3d 724, is distinguishable from the case before us because, in *Oprean*, the prosecutor acted with the specific intent to disobey the discovery order by failing to turn over evidence. Despite a pretrial order requiring the prosecutor to turn over all videos containing Oprean's voice, the prosecutor failed to provide the defense with a videotape depicting one of Oprean's prior offenses. The prosecutor also stated that she intended to present only judgments and sentences of Oprean's prior convictions at punishment, but instead, at the punishment hearing she offered into evidence the videotape depicting a prior offense. Because the

record revealed that the prosecutor's conduct was a willful, calculated effort to frustrate the defense, we concluded that the trial court abused its discretion in admitting the videotape. *Id*. at 728. In the case before us, however, there is no evidence that the prosecutor willfully violated the discovery order. The court of appeals improperly substituted its judgment for the trial judge's in concluding that the prosecutor was engaging in gamesmanship instead of legitimately rebutting a defensive theory.

We hold that the defensive theory raised in voir dire and opening statements opened the door to the extraneous-offense evidence presented by the State and the State was not required under Rule 404(b) to provide notice of such rebuttal evidence. There was no evidence that the State's presentation of this extraneous-offense evidence as rebuttal to the defensive theory was an attempt to circumvent the pre-trial discovery order, and the court of appeals's application of *Oprean* to this case was misplaced.

Finding no error in the trial court's admission of the extraneous offense, we need not address the State's third ground for review.

## CONCLUSION

The court of appeals erred in adding to Rule of Evidence 404(b) a notice requirement for rebuttal evidence and in failing to defer to the trial court's decision. We reverse the decision of the court of appeals and affirm the judgment of the trial court.

Delivered: June 8, 2016
Publish