

## NUMBER 13-15-00176-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SEAN QUINN JULIAN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 24th District Court of DeWitt County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Perkes and Longoria
### Memorandum Opinion by Justice Longoria

Appellant Sean Quinn Julian was charged by indictment with indecency with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West, Westlaw through 2015 R.S.). The jury found Julian guilty, and the trial court assessed punishment of 20 years' confinement in the Texas Department of Criminal Justice—Institutional Division. In one issue on appeal, Julian argues that the trial court erroneously

admitted extraneous offense evidence. We conclude that the trial court did not abuse its discretion in admitting the extraneous offense evidence. We affirm.

## I. BACKGROUND

Julian was indicted for indecency with a child in January of 2014. The State alleged that Julian touched the breast of his youngest biological child, then fifteen years old, with the intent to arouse or gratify his sexual desire. The daughter testified that she was lying on her bed when her father laid behind her. Both of them were facing the same direction and underneath a blanket. She asserted that in an instant, Julian was rubbing her nipples underneath her bra with his hands. She testified that she could feel his erect penis on her back and that he slowly massaged his way down towards her panty line.

In a hearing outside the presence of the jury, the State requested to introduce two pieces of extraneous offense evidence: 1) testimony from Julian's eldest daughter, who was seventeen years old at the time, alleging that Julian molested her for many years by lying down on the couch behind her and fondling her breasts and vagina underneath her clothes; and 2) testimony from a police officer that Julian admitted to "groping [his eldest daughter's] breast and vagina underneath her clothing." Julian objected to this evidence being introduced and argued that he had not "opened the door" to allow the State to introduce extraneous offense evidence. The trial court allowed the State to present both pieces of extraneous offense evidence.

The jury found Julian guilty. The trial court sentenced him to 20 years' confinement. This appeal followed.

## II. EXTRANEOUS OFFENSE EVIDENCE

In his sole issue on appeal, Julian asserts the trial court improperly admitted extraneous-offense evidence that he molested his eldest daughter because he "did not

open the door to the admission of the extraneous offense" and "the State failed to articulate a precise reason for offering the extraneous offense for admission into evidence other than the vague and nebulous concept of modus operandi."

## A.    Standard of Review and Applicable Law

We review the admission of extraneous offense evidence for abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Id.* at 304. The trial court does not abuse its discretion in admitting extraneous offense evidence if there is reasonable disagreement as to whether the evidence made the defensive theories less probable. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008).

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, extraneous-offense evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2). Extraneous offense evidence can also be used to prove the "system" or "modus operandi" of the defendant if that system tends to prove a material issue at trial. *Owens v. State*, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992).

The Court of Criminal Appeals has stated that

> Rule 404(b) is a rule of inclusion rather than exclusion—it excludes only evidence that is offered solely for proving bad character and conduct in conformity with that bad character. While Rule 404(b) requires the State to provide notice of other crimes, wrongs, or acts it plans to introduce in its case-in-chief, there is an exception to this notice requirement when the defense opens the door to such evidence by presenting a defensive theory that the State may rebut using extraneous-offense evidence. To hold otherwise would impose upon the State the impossible task of anticipating,

3

> prior to the beginning of trial, any and all potential defenses that a defendant may raise.

*Dabney v. State*, 492 S.W.3d 309, 317 (Tex. Crim. App. 2016) (internal citations omitted). Thus, extraneous offense evidence may be admitted specifically to rebut a defensive theory raised in the opening statements or raised by the State's witnesses during cross-examination. *See Bargas v. State*, 252 S.W.3d 876, 890 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "To raise a defensive theory sufficient to open the door to the introduction of the extraneous-offense evidence, the cross-examination responses must undermine the State's testimony and effectively place in controversy a fact that testimony was offered to prove." *Id.* For example, extraneous offense evidence may be admitted to rebut the defendant's theory that the child complainant's allegations of sexual abuse are "pure fabrication." *See Bass*, 270 S.W.3d at 563.

When an objection is made to extraneous offense evidence under Rule 404, the proponent of the evidence has the burden of persuading the trial court that the evidence has relevance apart from character conformity. *See Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990) (en banc) (op. on reh'g).

## B.    Rule 404 of the Texas Rules of Evidence

Julian argues that he did not open the door to allow the State to present the extraneous-offense evidence regarding his eldest daughter. The youngest daughter testified for the State during the trial and discussed the alleged abuse. However, through his cross-examination, Julian expressly suggested that the youngest daughter's explanation of events was physically impossible. Julian argued that based on his size, her size, the size of the twin bed, and where the complainant claims her head was resting on the bed, it was impossible for his erect penis to have been pressed against her back. Julian also insinuated that the complainant was framing him because she was upset that

4

their current house in Texas was not as spacious as their previous home. Also, Julian implied his youngest daughter was motivated to lie about the alleged sexual contact because she was upset that he failed to check on her well-being while she was in the hospital. We hold that the defensive theories Julian raised through cross examination opened the door to the State's extraneous-offense evidence. *See Dabney*, 492 S.W.3d at 317; *Bass*, 270 S.W.3d at 563.

Julian also asserts that "the State failed to articulate a precise reason for offering the extraneous offense for admission into evidence other than the vague and nebulous concept of modus operandi." We disagree. To the contrary, the State offered the evidence quite clearly for the purpose of demonstrating Julian's "MO," or "modus operandi," and to rebut Julian's defensive theory that the complainant's description of events was pure fabrication. Julian then argues that the extraneous-offense evidence does not show or specifically articulate "a plan." However, the State never argued that the evidence was being offered under Rule 404 to show that Julian had a "plan," one of the noncharacter-conformity purposes for which evidence may be admitted under Rule 404. TEX. R. EVID. 404(b)(1). Instead, the State argued that the extraneous offense evidence showed Julian's modus operandi, another legitimate purpose for which evidence is admissible under Rule 404. *See id.*; *see also Owens*, 827 S.W.2d at 914.

We also disagree with Julian's argument that it was improper for the State to offer the extraneous offense evidence as modus operandi evidence. Although Julian argues that the concept of modus operandi is "vague and nebulous," admitting evidence under Rule 404(b) to show modus operandi is perfectly valid. *See Martin v. State*, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005); *Grant v. State*, 475 S.W.3d 409, 419 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). The State offered the extraneous offense evidence

5

to show the identical manner of committing the alleged offenses. Both offenses were sexual assaults committed against minor females, both of whom were Julian's biological daughters. In both cases, Julian would lie down behind his daughter, under a blanket, and massage his daughters' breasts underneath their bras, gradually massaging down towards the panty line. *See id.* We find that the extraneous-offense evidence was admissible for the noncharacter-conformity purpose of showing modus operandi. *See Bass*, 270 S.W.3d at 563; *Owens*, 827 S.W.2d at 914.

We conclude that the trial court did not abuse its discretion by admitting the extraneous offense evidence. *See De La Paz*, 279 S.W.3d at 343. We overrule Julian's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

<u>/s/ Nora L. Longoria</u>
Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of November, 2016.