# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00407-CR

---

**Dekameron Matlock, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 450TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-18-204941, THE HONORABLE BOB PERKINS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted Dekameron "Jamal" Matlock of assault family violence, second offense, and assessed his punishment as eighteen years of confinement with the Texas Department of Criminal Justice and a $2,000 fine. Matlock now appeals the judgment of conviction, arguing that the district court abused its discretion when it admitted police body-cam video of an officer's interview of the victim. We will affirm.

### BACKGROUND

Shortly after midnight on July 18, 2018, the Austin Police Department dispatched Officer Damon Clifton to St. David's North Hospital in response to a 9-1-1 call from a nurse that suspected a patient's injuries were the result of domestic violence. Haleigh Bolton, from the department's crisis-intervention division, also responded. Upon arrival, Clifton and Bolton found 34-year-old Maria Rodriguez in a hospital room along with her mother and daughter.

Visual inspection revealed contusions and lacerations on Rodriguez's face, neck, arms, back, and breasts. Her face was swollen, and it appeared that blood vessels in her eyes had broken.

Clifton and Bolton interviewed Rodriguez and assisted her in completing a victim statement. Rodriguez stated that Matlock, whom she had dated for five months, had caused her injuries following a disagreement. She further said he had gripped her throat and held her against a bed until she lost consciousness. Rodriguez indicated that she did not wish to return home, that she would stay with her mother, and that she wanted an emergency restraining order to protect her from Matlock.

In August of 2018, a grand jury indicted Matlock with assault family violence by strangulation with two prior convictions. Matlock subsequently pleaded not guilty to the charge, and the case proceeded to jury trial. Prior to trial, Matlock stipulated to one of the prior convictions, and the State amended the indictment to waive the other. At trial, Matlock objected to admission of the State's Exhibit 17, a 2.5-minute excerpt from the video recorded by Clifton's body cam. The excerpt depicts an emotionally distraught Rodriguez indicating that she wants an emergency restraining order issued against Matlock and then crying in the arms of her mother. Citing Rule 403, Matlock argued that the Exhibit is more prejudicial than probative and is cumulative of other evidence. *See* Tex. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."). The district court overruled the objection.

At trial, Rodriguez recanted the account she had provided in the hospital, testifying that she was "on alcohol as well as methamphetamines and lack of sleep" at the time, that she had sustained the injuries when she "hit the door with [her] side," that Matlock never

2

struck her in, or grabbed her by, the face, throat, or neck, and that she had lied about the incident "to get back at him" for remaining in contact with an ex-girlfriend. Multiple other witnesses testified and corroborated Rodriguez's initial description of the incident. In particular, Clifton testified that he had responded to "16 or 17" reports of strangulation in his career, and that Rodriguez's injuries were the most obvious strangulation injuries he had ever encountered. The State then offered, and the court admitted, photographs of those injuries.

The jury returned a verdict of guilty and then assessed Matlock's punishment at eighteen years of confinement with the Texas Department of Criminal Justice and a $2,000 fine. Following Matlock's unsuccessful motion for new trial, the district court certified Matlock's right to file this appeal.

## DISCUSSION

In a single issue, Matlock contends the district court abused its discretion by overruling his objection to the State's Exhibit 17 and violated Rule 403 by allowing its admission. Specifically, he argues "that the video was not probative and that any probative value it might contain was outweighed by the danger of unfair prejudice." We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016); *see also Dabney v. State*, 492 S.W.3d 309, 316 (Tex. Crim. App. 2016) ("[B]ecause trial courts are in the best position to decide admissibility questions, appellate courts must review a trial court's decision under an abuse-of-discretion standard."). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles." *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery*

3

*v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)).  Further, we may not reverse the trial court's ruling unless the "decision falls outside the zone of reasonable disagreement."  *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016); *see also Henley*, 493 S.W.3d at 83 ("Before a reviewing court may reverse the trial court's decision, 'it must find the trial court's ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008))).  An evidentiary ruling will be upheld if it is correct on any theory of law applicable to the case. *Henley*, 493 S.W.3d at 93 (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

The erroneous admission of evidence generally is considered non-constitutional error.  *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007); *see also Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (explaining that erroneous admission of evidence was non-constitutional error).  Non-constitutional error requires reversal only if it affects the substantial rights of the accused.  Tex. R. App. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); *see also* Tex. R. Evid. 103 (stating that trial court error admitting or excluding evidence must affect "substantial right of the party").  In making this determination, we "consider everything in the record."  *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002); *see also Barshaw*, 342 S.W.3d at 93; *Solomon*, 49 S.W.3d at 365.

4

Exhibit 17 depicts a conversation that took place while Rodriguez lies in her hospital bed.

| Clifton: | If we do come into contact with Jamal, would you want an emergency protective order to protect yourself from him? |
| Rodriguez: | <Inaudible.> |
| Clifton: | Okay. |
| Bolton: | Are you familiar with what that is? |
| Clifton: | You know how that works? |
| Rodriguez: | <Nods.> |
| Bolton: | We can talk more about—your different options that you have, too, just so that you have some steps you can take after tonight . . . okay? |
| Rodriguez: | < Nods.  Begins crying.> |

Rodriguez then looks down, covers her face with her hands, and begins weeping uncontrollably. Thirty seconds later, Rodriguez's mother comes to the bed to comfort her. The remaining ninety seconds of the video depict Rodriguez crying as her mother rocks her back and forth in the hospital bed.

On this record, we cannot say the district court abused its discretion in admitting the exhibit.  When a key witness recants her testimony, "[t]he fact finder is entitled to reconcile conflicts in the testimony and to disbelieve a recantation." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Ex parte Vasquez*, 499 S.W.3d 602, 609 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) ("The trial court, as the trier of fact, was the judge of the credibility of the witnesses and could have chosen to believe all, some, or none of complainant's

testimony recanting her claims."); *Saldaña v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd) ("Furthermore, when a witness recants prior testimony, it is up to the fact finder to determine whether to believe the original statement or the recantation."). In this case, the video of Rodriguez's interaction with law enforcement is highly probative of the ultimate issue in the case. Because Rodriguez was the only known witness to the alleged assault, and because she recanted her original characterization of the incident, the video is, as the trial judge explained, "the best evidence of what was going on." *See, e.g.*, *Chambers*, 805 S.W.2d at 461. Indeed, the disputed exhibit reveals Rodriguez's state of mind when she spoke to Clifton and Bolton and depicts her emotional reaction when Bolton mentioned next steps that Rodriguez might need to take upon obtaining a restraining order. This evidence is therefore probative as to the ultimate issue in the case—whether Matlock caused Rodriguez's injuries—and there was no abuse of discretion in the admission.

Even assuming an abuse of discretion, we cannot say the admission of this exhibit affected Matlock's substantial rights. A substantial right is affected when an error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). An error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon*, 49 S.W.3d at 365. In this case, multiple witnesses testified of their belief that Matlock had caused Rodriguez's injuries; moreover, photographic and videographic evidence reveal injuries consistent with strangulation, and no one identified an alternate perpetrator. On this record, even assuming an abuse of discretion in the admission, we would not hold that Matlock's substantial rights were prejudiced by that admission. As a consequence, we overrule Matlock's sole issue on appeal.

6

## CONCLUSION

We affirm the judgment of conviction.

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:   June 4, 2021

Do Not Publish