**Affirm and Opinion Filed August 17, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00150-CR**

**JOHN CARROLL MOORE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 070415**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

A jury found John Carroll Moore guilty of possession of methamphetamine, a controlled substance, in an amount of one gram or more but less than four grams. The indictment included two enhancement paragraphs alleging two prior felony convictions: (1) manufacture or delivery of a controlled substance and (2) possession of a controlled substance. Appellant pleaded "true" to the prior convictions and the jury assessed punishment at seventy-five years' confinement. In two issues, appellant contends the trial court erred by admitting evidence of a prior extraneous offense or wrongful act. Because we conclude that the trial court did not abuse its discretion, we affirm.

## BACKGROUND

After receiving numerous complaints of "constant foot traffic" at "late hours of the night" at a Grayson County residence, officer Alex Aviles of the Sherman Police Department conducted surveillance on several occasions. He observed people entering the residence for "maybe two or three minutes" and then leaving, "consistent with narcotics activity." Officers obtained a search warrant for the residence on November 15, 2018, after confidential informant Robert Morgan purchased methamphetamine from appellant there. The methamphetamine Morgan purchased from appellant was contained in a Camel cigarette box.

Aviles and a team of six or seven other officers executed the warrant the following day, on November 16, 2018. Officers found appellant alone in a bedroom sitting on the bed. There was a digital scale in a dresser drawer and other drug paraphernalia in the nightstand. There were methamphetamine pipes on the floor. "Within arm's distance" of appellant, under the bed by the headboard, was a Camel cigarette box containing methamphetamine. Appellant's prescription medicine and his mail were also in the bedroom. Appellant was arrested and was subsequently indicted for knowing possession of methamphetamine in an amount of one gram or more but less than four grams.

On January 2, 2020, the State filed a notice of its intent to introduce evidence of extraneous offenses. The notice included a list of five specific acts in paragraphs

A through E, including two events on November 15, 2018, the day before appellant's arrest:

> D.  While on parole for the Defendant's conviction in Gregg County Cause Number 43808-A, the Defendant, on or about November 15, 2018, in Grayson County, Texas, did then and there intentionally or knowingly deliver a Penalty Group 1 substance in the amount Four Grams or More, But Less Than Two Hundred Grams, to a confidential informant;

> E.  While on parole for the Defendant's conviction in Gregg County Cause Number 43808-A, the Defendant, on or about November 15, 2018, in Grayson County, Texas, did then and there intentionally or knowingly possess a Penalty Group 1 substance in the amount Four Grams or More, But Less Than Two Hundred Grams, to a confidential informant; . . . .

The notice also included two general allegations in paragraphs F and G that appellant "regularly possesses and delivers methamphetamine" and "regularly abuses methamphetamine." Appellant responded on January 15, 2020, by filing a motion in limine and a motion requesting notice of specific information about any crime, wrong, or act on which the State intended to introduce evidence at trial.

Trial commenced on January 27, 2020. Morgan, the confidential informant, testified about his purchase of methamphetamine from appellant on November 15, 2018. Avila testified that later on the same day as Morgan's purchase, officers obtained a search warrant for appellant's residence. Officers executed the warrant the following day, on November 16, 2018, and arrested appellant for possession of methamphetamine.

–3–

Appellant was not arrested, charged, or prosecuted for the alleged sale to Morgan on November 15. Consequently, appellant objected to the admission of this evidence on two grounds: (1) the State failed to give proper pretrial notice of its intent to offer the evidence and (2) rule of evidence 404(b)(1) prohibits admission of "character conformity evidence." *See* TEX. R. EVID. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). The trial court overruled appellant's objections and permitted the State to introduce the evidence. At appellant's request, however, the trial court gave the jury a limiting instruction regarding consideration of the evidence.

The trial court rendered judgment on the jury's finding of guilt and its punishment verdict. In two issues on appeal, appellant contends the trial court erred by admitting evidence of the sale to Morgan because (1) the State failed to give proper notice of intent under rule of evidence 404(b)(2) despite appellant's request, and (2) the probative value of the evidence was outweighed by unfair prejudice under rules of evidence 401 and 403.

### ADMISSION OF EVIDENCE OF PRIOR EXTRANEOUS OFFENSE

If the State intends to introduce evidence of extraneous offenses at trial, it must give the notice required by statute and rule. *See* TEX. CODE CRIM. PROC. art. 37.07(g); TEX. R. EVID. 404(b); *Jaubert v. State*, 74 S.W.3d 1, 2–3 (Tex. Crim. App. 2002). "On timely request of the defendant, notice of intent to introduce evidence

–4–

under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence." TEX. CODE CRIM. PROC. art. 37.07(g). Evidence rule 404(b) provides:

> (b) Crimes, Wrongs, or Other Acts
>
> > (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> >
> > (2) Permitted Uses; Notice in Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case in chief.

The purpose of the rule 404(b) notice requirement is to prevent surprise. *Hernandez v. State*, 176 S.W.3d 821, 823 (Tex. Crim. App. 2005). Trial courts have discretion to admit or exclude extraneous offense evidence. *See McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Ferrer v. State*, 548 S.W.3d 115, 119 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Consequently, we review the trial court's rulings for abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We uphold a trial court's admissibility decision "when that decision is within the zone of reasonable disagreement." *Id.*

In his first issue, appellant contends that the State failed to give "proper and sufficient notice" of its intent to offer specific evidence that appellant delivered a

small amount of methamphetamine to the confidential informant on November 14, 2018, the day before the search warrant was executed in this case. The record reflects, however, that the State's pretrial notice did include the two November 15, 2018 offenses involving the confidential informant, as quoted above.[1] The confusion appears to result from the indictment, which alleges the date of the offense as "on or about the 15th day of November, 2018," while the evidence at trial established that appellant was actually arrested the following day, on November 16. There is no dispute, however, about the sequence of events. The alleged sale to the confidential informant took place on the day before appellant was arrested for the offense at issue in this appeal.

The indictment was sufficient to allow the State to prove an offense on November 16 rather than November 15 as alleged. *See Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), *superseded on other grounds by statute*, TEX. CODE CRIM. PROC. art. 37.071 ("It is well settled that the 'on or about' language of an indictment allows the state to prove a date other than the one alleged as long as the date proven is anterior to the presentment of the indictment and within the statutory limitation period."). But the discrepancy apparently caused the confusion reflected in the parties' briefs and is the basis for appellant's contention that the confidential informant sale took place on November 14 and was not disclosed in the

---

[1] At trial, the State also informed the court that on February 2, 2019, it provided the defense an "audio debrief" of the confidential informant made on November 15, 2018, and the defense "listened to that item on May 1st, 2019."

State's pretrial notice of intent. In sum, the record reflects that the State did provide pretrial notice of its intent to introduce evidence of the extraneous offenses of November 15, 2018. The trial court so found, stating "I think [paragraph] D [of the pretrial notice] describes that."

Further, as we discuss below, a defensive theory raised in opening statements may "open the door" to extraneous offense evidence even if the State has not provided notice in accordance with rule 404(b). *Dabney v. State*, 492 S.W.3d 309, 317–18 (Tex. Crim. App. 2016). We decide appellant's first issue complaining of lack of notice against him. *See* TEX. CODE CRIM. PROC. art. 37.07(g); TEX. R. EVID. 404(b); *Jaubert*, 74 S.W.3d at 2–3.

In his second issue, appellant contends that even if proper notice had been given, the trial court erred by admitting evidence of the sale to Morgan because it was not relevant and any probative value of the evidence was substantially outweighed by unfair prejudice under rules of evidence 401 and 403. At the hearing outside the jury's presence, the State moved to introduce the evidence, arguing that "it does go to show [appellant's] intent, knowledge, his motive, his plan, his preparation, and also goes to rebut . . . defensive theories" including appellant's contention that he did not have intentional or knowing possession or care, custody, or control of the methamphetamine because there were other persons found in the house at the time of appellant's arrest. The State also argued that during opening statements, appellant's counsel advised the jury that (1) "[j]ust because the

–7–

defendant was found in the vicinity of the substance doesn't mean he has possession," and (2) another witness, Kevin Sheren, would testify that the methamphetamine found in appellant's room actually belonged to Sheren. The State also contended the evidence would show that police obtained the warrant immediately after the sale to Morgan because appellant told Morgan he would have more methamphetamine in about an hour.

As the State contended, appellant's counsel made the following arguments in his opening statement:

> We talked yesterday about the two types of possession in a Grayson County drug case. One of those was actual possession. Another one was a constructive possession. This is what we can now discuss as a constructive possession case. What that means is the drugs were not actually found on my client. They were found in his vicinity.
>
> You recall yesterday that we talked about the fact that just because someone is in the vicinity or near drugs does not mean they possess that. The State has a burden to prove beyond a reasonable doubt—to link the methamphetamine between 1 and 4 grams to my client.
>
> . . .
>
> I anticipate you will hear from a Kevin Sheren this afternoon, assuming the State rests pretty quickly this afternoon, who's going to testify under oath that that was his dope November 15th or 16, 2018. The State does not tell you this, and I will. There were several people at the residence that particular day: Kevin Sheren who'll you hear from this afternoon or possibly tomorrow morning, very extensive felony criminal history. There's a Bobby Benedict who was also found there at the scene of the crime, very extensive felony criminal history that includes numerous trips to prison. There is a Mary Bell who was also present, numerous, numerous convictions for felony drug offenses. You're going to hear this through the officer's testimony.
>
> . . .

It's [the State's] proof right here to prove . . . what links the drugs to my client.

At the time the State offered the evidence, defense counsel had cross-examined officer Aviles about the criminal history of several other persons who were at the residence when the warrant was executed. Defense counsel also asked Aviles whether particular items of drug paraphernalia were found in locations other than appellant's bedroom in the home where appellant was arrested. Citing defense counsel's opening statement and cross-examination, the State argued appellant had "opened the door to the issue" of appellant's "intentional or knowing possession and care, custody and control" of methamphetamine.

As the State argued at trial, a defensive theory raised in opening statements may "open the door" to extraneous offense evidence. *Dabney*, 492 S.W.3d at 317–18 ("Because Appellant presented his defensive theory in opening statements, the State could use extraneous-offense evidence to rebut this theory in its case-in-chief rather than waiting until the defense rested."). The trial court noted that defense counsel "raise[d] the issue that [the methamphetamine] wasn't your client's," and therefore opened the door to admission of the evidence about appellant's transaction with the informant the previous day. The court also noted that the methamphetamine found in appellant's room was in the same type of container—a Camel cigarette package—as used in the transaction with the informant the day before. The trial court made sure that the informant was available for cross-examination at trial. The informant was subsequently called by the State as a witness, and defense counsel

cross-examined him. Finally, at defense counsel's request, the trial court instructed the jury that the evidence was being admitted only for a limited purpose.

We conclude that it was within the trial court's discretion to admit the extraneous offense evidence. *See Powell*, 63 S.W.3d at 438. We decide appellant's second issue against him.

## CONCLUSION

We affirm the trial court's judgment.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

200150f.u05
Do Not Publish
TEX. R. APP. P. 47.2



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JOHN CARROLL MOORE,
Appellant

No. 05-20-00150-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 070415.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of August, 2021.