**AFFIRM; and Opinion Filed December 15, 2023.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01318-CR**

**KERNELL ZENO, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-84014-2022**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

On our own motion, we withdraw our opinion of November 1, 2023, vacate

our judgment of same date, and substitute this opinion in its place. Appellant,

Kernell Zeno, Jr., appeals his conviction for continuous sexual abuse of a child. In

three issues, he contends the trial court erred in allowing the State to present evidence

of extraneous sexual misconduct because (1) the State did not provide reasonable

notice of its intent to use the evidence prior to trial, and (2) no defensive theory was

advanced to warrant presentment of same, and claims he was harmed by the

admission of this evidence. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant is the oldest of four half siblings and is the half brother of the complainants, K.R. and K.A. In June 2020, K.R., who was then fifteen years' old, disclosed to her therapist that appellant was sexually abusing her. The therapist reported the matter to Child Protective Services, which in turn notified law enforcement. K.A. and K.R. were then interviewed at the Collin County Children's Advocacy Center when they both made allegations of unlawful contact by appellant.

A grand jury indicted appellant for the first degree felony offense of continuous sexual abuse of a child. TEX. PENAL CODE ANN. § 21.02. The indictment alleged that on or about July 11, 2016, through June 2020, during a period that was 30 days or more in duration, appellant committed two or more acts of sexual abuse against K.A. and K.R. when K.A. was younger that fourteen years of age and K.R. was younger than seventeen years of age.

Appellant elected to have a jury determine his guilt or innocence and to assess his punishment if he was found guilty.

The case was set for trial on November 14, 2022. Several weeks before trial, the State provided written notice of its intent to introduce into evidence other, unalleged acts of abuse against both K.A. and K.R. The Friday before trial, K.R. revealed to the State for the first time that appellant had forced her to have vaginal

intercourse with him on multiple occasions. After jury selection, the State informed the trial court that when the prosecutors met with K.R. the previous Friday, she informed them for the first time that appellant had penetrated her vagina with his penis and the State considered this evidence to be Rule "404(b) contextual evidence" of one criminal episode.[1] Appellant's counsel acknowledged that the State gave notice of this allegation the preceding Friday and asserted that the notice was untimely. The trial court indicated it was going to withhold a ruling until it saw the context of the proposed testimony.

At trial, during the guilt–innocence phase, the State's witnesses were K.R.; K.A.; the detective who was initially assigned to the case; the current resident of the house on Lake Meadow Drive, which was previously occupied by the complainants and their family, to describe damage to bedroom doors K.A. and K.R. claimed was caused by appellant entering their rooms; the assistant principal at K.A.'s middle school to whom K.A. made an outcry; and a supervisor at the children's advocacy center. Appellant did not testify at trial; he called his girlfriend and a friend to testify on his behalf.

K.R., who was then seventeen years' old, claimed appellant began to sexually abuse her when she was in the fifth grade. At that time, the family lived in a house on Drexel Street where she shared a bedroom with her sister K.A., her youngest

---

[1] Rule 404(b) addresses evidence of crimes, wrongs or other acts and permits such evidence to be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, lack of mistake, or lack of accident. TEX. R. EVID. 404(b)(2).

brother, and her aunt and uncle. K.R. indicated that appellant came into their bedroom while everyone was asleep and unlawfully touched her. When K.R. was in middle school, the family moved to a house on Hoover Drive. When asked if anything sexual happened at that house, K.R. responded that she did not want to talk about it. K.R. recalled that appellant sexually abused her again after the family moved to a house on Lake Meadow Drive. K.R. was then in the eighth grade. She indicated she purchased locks for her and K.A.'s bedroom doors to keep appellant out, but he nevertheless managed to get into her room and continued to touch her breasts and private area. K.R. testified that she told her mother about the abuse when she was in the eighth grade, but her mother did not believe appellant would do such a thing and suggested that three or four other people may have done so. On cross-examination, defense counsel questioned K.R. about the other people living in the homes with her or who were around her and had her describe the appearance of her mother's boyfriend who lived with them during the relevant period of time. In addition, defense counsel questioned K.R. about her mother's assertion other individuals may have been abusing her.

When defense counsel passed the witness, the prosecutor asked to have a hearing outside the presence of the jury. During that hearing, the prosecutor argued the State should be permitted to introduce evidence that appellant penetrated the sex organ of K.R. with his sex organ under rule of evidence 404(b)(2) to rebut the defense's theory of an alternate perpetrator and for identity purposes since the

–4–

defense questioned K.R. about all the different people that were in houses at the time the offenses were happening. The prosecutor explained that during vaginal penetration K.R. would have been able to see the perpetrator's face, and thus, be able to identify the person. Appellant's attorney urged it would be inappropriate to use this kind of testimony. The trial court stated, "The objection is overruled at this time under 404(b)(2)." On redirect, K.R. testified that while they were living in the Lake Meadow house, appellant penetrated her vagina with his penis on multiple occasions.

At trial, K.A., who was then fourteen years' old, testified to abuse similar to the abuse recounted by K.R. and in addition indicated that appellant made her touch his penis and penetrated her vagina with his penis on multiple occasions. She testified the abuse started when she was nine years' old. Like K.R., K.A. indicated that she told her mother about the abuse, but her mother did not believe her, and the abuse continued.

The jury returned a verdict finding appellant guilty of the charged offense. During the punishment phase of trial, the State called various persons employed by the McKinney Police Department, including a forensic investigator, a detective and a forensic supervisor, to testify about their investigation into a forced entry and burglary of a home and appellant's involvement in same. Appellant did not call any witnesses during the punishment phase of trial. The jury assessed punishment at

fifty years' confinement. The trial court rendered a judgment of conviction and certified appellant's right to appeal.

## DISCUSSION

In his first two issues, appellant contends that the trial court abused its discretion in permitting the State to elicit testimony from K.R. regarding appellant having penetrated her vagina with his penis because the State's notice of intent to introduce this evidence was untimely and he did not open the door for the admission of same by raising an alternate perpetrator defense. The State responds, urging appellant has not preserved these complaints for review.

To preserve error for appellate review, the record must show the party complaining on appeal made a timely objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." *See* TEX. R. APP. P. 33.1(a)(1). In addition, the record must show that the trial court made a ruling thereon, either explicitly or implicitly. *See id.*; *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

With respect to appellant's complaint that the State did not provide reasonable notice as required by Texas Rule of Evidence 404(b), while appellant made this argument to the trial court after voir dire and before opening statements, the trial court did not rule on the objection. Instead, the trial court indicated it was going to withhold a ruling until it saw the context of the proposed testimony. When the State

–6–

sought to introduce the evidence on redirect, appellant did not renew his timeliness objection and did not obtain a ruling on his earlier objection. Thus, appellant did not preserve this complaint for appeal.

Even if the trial court had implicitly ruled against appellant on the reasonableness of the State's notice, we note that the purpose of requiring notice of the State's intent to use extraneous-offense evidence "is to adequately make known to the defendant the extraneous [acts] the State intends to introduce at trial and to prevent surprise to the defendant." *Knight v. State*, 457 S.W.3d 192, 204 (Tex. App.—El Paso 2015, pet. ref'd) (quoting *Martin v. State*, 176 S.W.3d 887, 900 (Tex. App.—Fort Worth 2005, no pet.)). Accordingly, to preserve error regarding the State's alleged failure to provide reasonable notice of its intent to use extraneous-offense evidence, a defendant must request a continuance to mitigate the effects of surprise. *Padilla v. State*, No. 05-21-00322-CR, 2023 WL 166209, at *5 (Tex. App.—Dallas Jan. 12, 2023, no pet.) (mem. op., not designated for publication); *Martines v. State*, 371 S.W.3d 232, 249 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Martin*, 176 S.W.3d at 900; *see also Oprean v. State*, 201 S.W.3d 724, 730 n.10 (Tex. Crim. App. 2006) (Cochran, J. concurring) (any error in causing "surprise" to the defense is forfeited on appeal unless the defendant has also requested a postponement or recess).

Here, defense counsel did not, at any point, move for a continuance to allow additional time to investigate the allegation appellant penetrated the vagina of K.R.

with his penis or to prepare a defense. Thus, appellant failed to preserve his timeliness complaint for our consideration. We overrule appellant's first issue.

In his second issue, appellant urges the evidence of penile penetration was inadmissible under Rule 404(b) because he did not actually present the defensive theory of an alternate perpetrator or mistaken identity.

At the hearing outside the presence of the jury, the State urged evidence of penile penetration should be admitted pursuant to Rule 404(b)(2) to rebut the defense's alternate perpetrator theory and for identity purposes. Appellant disagreed. At the conclusion of the hearing, the trial court stated, "The objection is overruled at this time under 404(b)(2)." To the extent this exchange was sufficient to preserve appellant's second issue for review by this Court, for the reasons set forth herein, we conclude the trial court did not abuse its discretion in admitting the complained of evidence.

Rule 404(b) prohibits the use of evidence of a crime, wrong, or other act to prove a person's character in order to show that person acted in accordance with the character. TEX. R. EVID. 404(b)(1). But such evidence is admissible under Rule 404(b)(2) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id.* 404(b)(2). While Rule 404(b) requires the State, on timely request by a defendant, to provide notice of other crimes, wrongs, or acts it plans to introduce in its case-in-chief, there is an exception to this notice requirement when the defense opens the door to such

–8–

evidence by presenting a defensive theory that the State may rebut using extraneous-offense evidence. *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016).

We review a trial court's ruling on the admissibility of Rule 404(b) evidence for an abuse of discretion. *Id.* The trial court's ruling on whether extraneous-offense evidence was admissible to rebut a defensive theory should be upheld if it is within the zone of reasonable disagreement. *Id.*

Here, the State did not attempt to introduce the complained of evidence in its case-in-chief, rather it sought to introduce the evidence in rebuttal, claiming appellant opened the door to such evidence by presenting an alternate perpetrator defense and that the evidence was admissible for identity purposes. An extraneous offense may be admissible to show identity only when identity is an issue in the case. *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). The issue of identity may be raised by the defendant during cross-examination of the State's witnesses. *Id.* Courts have recognized the issue of identity may be raised during cross-examination of a State's witness by (1) impeaching on a material detail of the witness's identification, (2) questioning the certainty of the witness's identification, (3) questioning the witness's capacity to observe (i.e., maybe mistaken), or (4) questioning the witness's truthfulness (maybe lying). *See, e.g., Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004); *Price v. State*, 351 S.W.3d 148, 151 (Tex. App.—Fort Worth 2011, pet. ref'd).

During direct examination, K.R. testified that she knew appellant was the individual who entered her room and unlawfully touched her because he would leave items behind and come back a short time later to retrieve them, and a few times she actually saw his face. On cross-examination, defense counsel questioned K.R. about the lighting in the room where the abuse occurred, suggesting it was too dark for her to be able to identify the perpetrator. Defense counsel also questioned K.R. about other people living in the homes with her or who were around her, including friends of her brother who often spent the night, and had her describe the appearance of her mother's boyfriend, who lived with them during the relevant period of time, all of which suggested someone who resembled appellant may have abused her. Defense counsel further questioned K.R. concerning her mother's suggestion that three or four of the other people in the home could have been the person or persons who were sexually abusing her.

The trial court could have determined from the cross-examination of K.R. that appellant was questioning the certainty of K.R.'s identification (implicating the alternate perpetrator defense), whether circumstances hindered her capacity to observe, and her truthfulness. Thus, the trial court could have found appellant raised the issue of identity thereby opening the door for the State to introduce the extraneous-offense evidence. Accordingly, we conclude the trial court did not abuse its discretion by deciding that the extraneous offense evidence was admissible to

show appellant's identity under Rule 404(b) and to rebut an alternate perpetrator defense. We overrule appellant's second issue.

In his third issue, appellant urges the trial court's error in admitting extraneous sexual assault evidence was harmful. Having concluded appellant failed to preserve his complaint under issue one, and having overruled his complaint under issue two, we need not address his claim of harmful error. TEX. R. APP. P. 47.1; *Cooks v. State*, 844 S.W.2d 697, 737 (Tex. Crim. App. 1992) (harm analysis not necessary in absence of error); *Trinh v. State*, 930 S.W.2d 214, 220 (Tex. App.—Fort Worth 1996, pet. ref'd) (concluding need not address harm analysis because appellant had waived matters of which he complained).

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
Do Not Publish                    JUSTICE
Tex. R. App. P. 47

221318F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KERNELL ZENO, JR., Appellant

No. 05-22-01318-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-84014-2022.

Opinion delivered by Justice Kennedy. Justices Carlyle and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of December, 2023.