**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00180-CR**
_____

**BLAKE ARLIN EDWARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-10-14456-CR**

**OPINION**

Based on the allegations in an indictment, a jury found Blake Arlin Edwards guilty of attempted sexual performance by a child.[1] Edwards appealed and argues that, for four reasons, his conviction should be overturned. First, he claims the evidence is insufficient to support the jury's finding that he attempted to induce a person he believed to be a child to send him a picture that violated the Penal Code,

---

[1]*See* Tex. Penal Code Ann. §§ 15.01(a), 43.25(b).

1

section 43.25.[2] Second, Edwards suggests sections 15.01(a) and 43.25(b) of the Penal Code—the statutory provisions he allegedly violated—are overly broad and vague because as applied to him they violate his rights to freedom of speech under the First Amendment.[3] Third, Edwards argues he should be awarded a new trial because the trial court erred by admitting evidence over his objections asserting the evidence was irrelevant or more prejudicial than probative in proving his guilt. Last, Edwards contends he should be awarded a new trial based on his claim the prosecutor engaged in improper jury argument in final argument when he called Edwards a predator, a felon, and a liar.

Having reviewed the record and Edwards' arguments, we conclude issues one through three lack merit. We further conclude Edwards failed to preserve his complaints about the prosecutor's allegedly improper argument for our review by failing to lodge objections to the arguments when they were made in his trial. For the reasons more fully explained below, Edwards' conviction and the trial court's judgment are affirmed.

## Background

In January 2019, a grand jury indicted Edwards in an indictment alleging that Edwards violated the Penal Code when he "engaged in a sexual chat with a person

---

[2]*Id*.; *see also id*. § 43.25(a) (defining some terms in section 43.25(b)).
[3]*Id*.; U.S. CONST. amend. I ("Congress shall make no law . . . abridging the freedom of speech[.]").

he believed to be fourteen years old [by] ask[ing] for a picture of a 14-year-old masturbating, amounting to more than mere preparation that tended to but failed to effect" the commission of the crime. In May 2019, Edwards pleaded not guilty and went to trial.

The State called two witnesses in the guilt-innocence phase of the trial. The State's first witness, a detective employed by Montgomery County, explained that he works on a task force that focuses on investigating crimes directed at children over the internet. According to the detective, when working on this task force, he posts messages on the internet by using a social media app. During the investigation that led to Edwards' arrest, the detective testified he posted messages over three days in October 2018 through the internet under a fictitious name, *Angie*. The first message Angie posted states: "It's raining and I'm bored. If ur into younger hmu. Conroe area[.]"[4] One of the exhibits admitted into evidence in Edwards' trial shows the app the detective uses allows using it "to create, post, send and store content, including messages, text, photos, and other materials" through the internet.

Less than thirty minutes after posting the above message, Edwards responded and said: "Hey Angie, what up in your world?" Soon after, Angie told Edwards: "I'm 14 so I don't work. Is that okay?" Edwards replied: "Ohh, wow you are

---

[4]In final argument, the prosecutor argued hmu means "'hit me up,' [and] that's what [Edwards] did."

young[.]" Seconds later, in another message, Edwards told Angie he was thirty-four. The first night the two chatted, they exchanged messages for over three hours.

The following evening, Edwards contacted Angie again through the app. In that message, Edwards asked Angie "how was your day?" Later, Edwards sent Angie another message asking that she send him a picture of her. Angie sent Edwards several photos, all admitted into evidence in the trial. The photos are of a female that, according to the detective, were taken when the subject depicted in the photos was fifteen years old. Angie and Edwards exchanged many messages on the second day they talked. We need not, however, discuss each message. In the messages, Angie told Edwards she liked sex. That same night, Edwards asked Angie: "Do you masturbate?" The messages the two exchanged then turned to specific sexual acts. After the conversation turned to sex, Edwards sent Angie a message asking: "Can I see your p****[?]" Angie responded: "I'm not sending any nudes[.]" Edwards replied: "What if I show you my c**k?" Angie responded: "If you want[.]" Edwards responded by sending Angie a picture of his sexual organ. After that, Edwards told Angie: "Your turn[.]" Angie responded: "To touch myself[?]" Edwards answered: "Yes, but I want to see you touching yourself[.]" Angie then told Edwards she would "not send[] any nudes[.]" At that point, Edwards said: "How about we meet in the middle, you touch yourself through your panties[.]"Angie replied she would not.

4

Edwards then said: "Your freaking sexy and I want to see you, all of you." Angie did not respond to any of Edwards' further messages he sent her that night.

That next day, Angie sent Edwards another message. It states: "It's ok it just makes me mad that I say no but you keep asking[.]" Edwards apologized, explaining he "was just really turned on" and would not "do that again[.]" Angie replied that she was home. At that point, Edwards asked Angie: "Can we just hang out[?]"Angie replied they could. In response, Edwards told her: "Nothing sexual?" Angie answered: "Well that's up to you[.]" A short time later, Angie sent Edwards a message asking: "Do you want to have sex?" Edwards responded: "No[.]" Later, Angie sent Edwards another message in which she gave him her address and told him they could meet.

Edwards drove an SUV to the location where the two agreed to meet. When he pulled into a parking lot to park, a patrolman the detective contacted in anticipation of Edwards' arrival, pulled behind Edwards and placed him under arrest. The detective testified that during his experience on the task force, it is not uncommon for people to bring condoms and lubricants to meetings like the one Edwards arranged to have with Angie. But the detective explained that Edwards did not show up to the meeting with any of the items he mentioned and stated no such items were discovered in a search of Edwards' SUV.

The State also showed the jury the video of an interview Edwards voluntarily gave to the detective after Edwards' arrest. In the interview, the detective asked Edwards why he went to the apartments. Edwards told the detective he went there to take a friend whom he had not yet met to lunch. Edwards also told the detective he did not know the person's name or age. And Edwards denied he went to the meeting for a purpose other than going to lunch. When the detective asked Edwards about the messages he sent over the internet, Edwards told the detective he believed the person he was meeting was eighteen even though she told him in her messages to him that she was not. Edwards also told the detective the person he came to meet sent him photographs, photographs that show a person he believed was at least eighteen. Edwards admitted to the detective that he sent the person he came to meet a picture of his sexual organ.

The State's other witness was an investigator employed by the Montgomery County District Attorney. The investigator testified about the search she conducted on Edwards' phone based on a search warrant police obtained authorizing a search of the phone. The information extracted from Edwards' phone was admitted over Edwards' objection to the exhibit containing that information in his trial. The information includes time-stamped entries, which show what the messages say that Edwards and Angie exchanged. The exhibit also includes other messages Edwards exchanged with people other than Angie, and many of these contain sexually explicit

6

content. The exhibit containing the messages extracted from Edwards' phone show messages dated between October 24 and October 26, 2018. And the exhibit contains a chronological list of the messages by date and time. The content included in the exhibit about the messages show the "user name" for the person who sent the message and their content between October 24 and October 26, 2018.

The State labeled the exhibits relevant to the messages extracted from Edwards' phone as exhibits five, six and seven. After the exhibits were marked, the prosecutor told the trial court the State needed to have the court address whether the exhibits were admissible based on the State's claim they were relevant to proving a disputed issue that concerned Edwards' motive, intent, preparation, and plan about what he wanted from Angie. According to the prosecutor, Edwards opened the door to the admission of the messages during the opening statement he made to the jury in the trial. In response, Edwards argued the messages were not relevant, suggesting they contained nothing more than "dirty talk" between adults, conduct that was not illegal. Edwards also argued even if the exhibits were somewhat relevant, admitting them was more prejudicial than probative to proving his guilt. The trial court overruled Edwards' objections to the exhibits.

When the State rested, Edwards moved for a directed verdict. He asked the trial court to render a judgment of acquittal for two reasons. First, he claimed the evidence before the jury fails to establish he "believed that the child in the pictures

7

[was] under the age of 18." Second, Edwards suggested sections 15.01 and 43.25 of the Penal Code "as applied to this particular set of facts[,]" are "both unconstitutionally vague and unconstitutionally overbroad because [they] could result in criminalizing speech alone in violation of the First Amendment." The trial court denied the motion.

On appeal, Edwards suggests for the first time that he is also entitled to a new trial because the prosecutor made an improper closing argument. In closing argument, the record shows Edwards' attorney argued Edwards had become suspicious of Angie while he was chatting with her about whether she was fourteen. According to Edwards, the evidence in the trial established that he thought Angie was of age despite what she told him. And in closing argument, Edwards' attorney argued Edwards is "an awkward 34-year-old[,]" he was "duped by the police[,]" and the evidence failed to show that Edwards is a "sexual offense felon[.]"

In rebuttal, the prosecutor told the jury Edwards did not have any credibility and "was obviously lying." In responding to Edwards' argument that Edwards was not a felon, the prosecutor said: "You didn't make Blake Edwards a felon. You didn't make Blake Edwards a predator. Blake Edwards did that." Edwards never objected to the prosecutor's argument.

In the end, the jury found Edwards guilty of attempted sexual performance by a child.[5] Edwards elected to have the jury assess his punishment. After a punishment hearing, the jury found Edwards should serve an eight-year sentence and pay an $8,000 fine. The jury, however, also found that Edwards had not previously been convicted of any felonies and recommended that the trial court suspend his sentence and place him on probation.[6] The trial court's judgment tracks the jury's verdict and its recommendation that the trial court suspend Edwards' sentence and place him on probation.

## Sufficiency of the Evidence

In issue one, Edwards argues the evidence is insufficient to support the jury's finding that he was guilty of the offense of sexual performance by a child. In a sufficiency review, we examine the evidence in the light most favorable to the verdict and determine whether, from the evidence, any rational factfinder could have found the essential elements of the offense under a standard of beyond reasonable doubt.[7] In a jury trial, the jury is the ultimate authority on matters that hinge on the

---

[5]*See* Tex. Penal Code Ann. §§ 15.01(a), 43.25(b).

[6]Attempted sexual performance by a child is a third-degree felony, punishable by two to ten years in prison and a fine of no more than $10,000. *See id*. §§ 12.34(a), (b), 15.01(d), 43.25(b).

[7]*Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

credibility of the witnesses and the weight to be given their testimony.[8] In our review, we do not sit as a thirteenth juror and substitute our judgment for the jury's by simply reevaluating and reweighing the decisions the jury made about what witnesses were credible and how the testimony should be weighed in deciding the issues that were disputed in the trial.[9] Stated another way, as the reviewing court, we must give the jury full deference in its role in resolving any conflicts in the testimony, in weighing the evidence, and when choosing to draw reasonable inferences from the basic facts to the ultimate conclusions the jury made to resolve the dispute.[10] If the evidence in a trial is such that reasonable jurors might have drawn an inference different than the one the jury chose to draw from the evidence presented to it in the defendant's trial, we will presume the jury resolved the facts in a manner favoring its verdict, and we will defer to that resolution if it represents a reasonable choice based on the evidence before the jury in the trial.[11]

Thus, our role is limited to determining whether the inferences the jury drew from the evidence were reasonable.[12] So we treat direct and circumstantial evidence

---

[8]*Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981).

[9]*Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899.

[10]*Hooper*, 214 S.W.3d at 13.

[11]*See Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[12]*Hooper*, 214 S.W.3d at 16-17.

equally in our review.[13] Ultimately, under the well-established standards established in *Jackson v. Virginia*, the question we must decide is whether any rational jury could have found the defendant guilty based on the evidence that it heard beyond a reasonable doubt.[14]

The jury found Edwards guilty of attempting to violate section 43.25 of the Penal Code.[15] Under Texas law, an individual attempts to commit an offense if, with the specific intent to commit the offense, "he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."[16] And under section 43.25(b) of the Penal Code, "[a] person commits an offense if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance."[17] Section 43.25 defines *sexual conduct* as including masturbation.[18] And it defines *performance* to include a "photograph . . . or other visual representation that can be exhibited before an audience of one or more persons."[19] *Sexual performance* is defined as "any performance or part thereof that includes

---

[13]*Clayton*, 235 S.W.3d at 778

[14]*See Jackson v. Virginia*, 443 U.S. at 318-19; *Couthren v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019).

[15]Tex. Penal Code Ann. § 43.25.

[16]*Id*. § 15.01(a); *see also Chen v. State*, 42 S.W.3d 926, 929 (Tex. Crim. App. 2001).

[17]Tex. Penal Code Ann. § 43.25(b).

[18]*Id*. § 43.25(a)(2).

[19]*Id*. § 43.25(a)(3).

sexual conduct by a child younger than 18 years of age."[20] Combing the Penal Code provisions applicable to Edwards' case, "the offense of attempted sexual performance by a child is committed if: 1) the defendant; 2) with specific intent to commit sexual performance by a child; 3) does an act amounting to more than mere preparation; 4) that tends but fails to effect the commission of sexual performance by a child."[21]

Edwards relies mainly on two arguments to support his claim that the State failed to prove him guilty beyond a reasonable doubt. First, he claims the evidence does not support the jury's finding that he believed Angie was younger than eighteen when, while chatting with her on the internet, he asked her to send him a picture of her while she was masturbating. Second, he suggests that even if the evidence supports that finding, the evidence still fails to show that what he did amounted to an attempt. Instead, he claims the evidence merely shows the acts he engaged in fell short of the conduct required to establish any attempt.[22]

First, we address Edwards' claim that the evidence fails to show he acted knowingly in inducing Angie to send him a photo of herself while she was engaged in a sexual act.[23] Viewed in the light most favorable to the jury's verdict, the jury

---

[20]*Id.* § 43.25(a)(1).
[21]*Chen*, 42 S.W.3d at 929.
[22] Tex. Penal Code. Ann. § 43.25.
[23]*Id*. § 43.25(b).

12

heard evidence that shows Angie told Edwards she was fourteen. And Angie never told Edwards she was older than fourteen. While chatting with Angie on the internet, Edwards even told Angie he thought she was young. And Edwards later expressed reluctance about whether the two should continue to chat.

The jury could have relied on this evidence to find that Edwards thought Angie was younger than eighteen when he asked her to send him the picture of herself while engaged in a sexual act. To be sure, there is evidence in the record that after he was arrested, Edwards told the detective he believed Angie was at least eighteen. But the photos Angie sent Edwards, according to the detective, are of a female who is fifteen. Even though the person in those photos was not fourteen like Angie represented, however, the female who is in them is also not yet eighteen. Given the evidence, the jury resolved the conflicts by finding Edwards believed Angie was younger than eighteen when he asked her to send him a picture of herself performing a sexual act. Even if some other jury, in another trial, had chosen to resolve the facts in that case in favor of the defendant, that reality does not mean this jury's finding was unreasonable given disputed facts. In a trial by jury, the jury may accept or reject "any part of a witness's testimony."[24] So here, the jury's finding that Edwards believed Angie was younger than eighteen when he asked for a picture of

[24]*Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018).

13

herself engaged in a sexual act is a finding that was reasonable from the evidence admitted before the jury in Edwards' trial.[25]

The rest of Edwards' arguments challenge the jury's finding that his acts went beyond merely preparing to engage in the conduct that is proscribed by statute.[26] In one of Edwards' messages, Edwards asked Angie for a picture showing her "touch[ing] [her]self through [her] panties[.]"[27] Edwards suggests that when considered with all the other evidence in the record, that evidence does not reflect he engaged in conduct amounting to more than mere preparation to commit the offense.[28] Edwards also points to the message he sent Angie the day they arranged to meet in which he told her he did not want sex. And Edwards notes that police did not find any sexually related materials on him or in his SUV when he came to the meeting.

To convict Edwards for attempting to commit the offense—sexual performance by a child—the State needed to prove Edwards engaged in conduct that amounted to more than merely preparing to commit the offense.[1] In final argument,

---

[25]*See Elizondo v. State*, 487 S.W.3d 185, 201 (Tex. Crim. App. 2016).

[26]Tex. Penal Code Ann. § 43.25.

[27]We note that a photo of a person masturbating would not necessarily mean the photo needed to depict the subject's sexual organ based on the commonly understood meaning of *masturbate*, which is the verb defining the noun of the word "masturbation" that defines the "sexual conduct" that is prohibited under section 43.25. *See* NEW OXFORD AMERICAN DICTIONARY 1078 (3d ed. 2010) (defining *masturbate* to mean "stimulate one's own genitals for sexual pleasure").

[28]Tex. Penal Code Ann. § 15.01(a).

14

the prosecutor argued the State was relying on what Edwards did when he asked Angie to send him a picture of herself engaged in a sexual act to prove he was attempting to commit the offense. The evidence supports the State's argument claiming Edwards' request went beyond merely preparing to commit the offense. The evidence shows the day before Edwards' arrest, he asked Angie for a picture of herself while masturbating. The picture Edwards asked for depicts sexual conduct, conduct of a category proscribed in section 43.25.[29] Viewed in the light that favors the jury's verdict, the jury's decision that Edwards attempted to commit the crime of sexual performance by a child was rational. For these reasons, Edwards' first issue is overruled.

Constitutional Challenge—Sections 15.01(a) and 43.25(b)

In Edwards' second issue, he argues that sections 15.01 and 43.25 as the State applied them to his conduct are ambiguous and therefore unconstitutional because they violate his First Amendment right to free speech.[30]

On appeal, complaints challenging the constitutionality of a statute are reviewed using a de novo standard.[31] At trial, Edwards raised an as applied objection to the statutes at issue.[32] Because he limited his objection to an as applied challenge

---

[29]*See id.* § 43.25
[30]*See id.* §§ 15.01(a), 43.25(b).
[31]*Vandyke v. State*, 538 S.W.3d 561, 570 (Tex. Crim. App. 2017).
[32]U.S. CONST. amend. I.

in the trial, we assume Edwards thought the statutes were generally constitutional but claimed they were unconstitutional as applied to him under the circumstances that the State would prove in his trial.[33]

The First Amendment, which extends to the States under the Fourteenth Amendment, provides: "Congress shall make no law . . . abridging the freedom of speech[.]"[34] Edwards mistakenly believes his request to Angie, a person he believed was a child, asking for a picture of herself masturbating is protected speech. But the First Amendment does not protect speech that consists of verbal acts that solicit conduct a statute proscribes as criminal.[35]

In distinguishing between constitutionally protected and unprotected speech, the Texas Court of Criminal Appeals explained: "[W]ords that are specifically designed to prompt an associate to action are not simply speech [in the context of the First Amendment], but are conduct that may be treated accordingly."[36] In Edwards' case, the speech at issue was a request that Edwards made asking a person whom he believed to be a child for a picture of a child engaged in an act that is

---

[33]*Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018) (citing *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011)).

[34]U.S. CONST. amend. I; *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015).

[35]*See Schenck v. U.S.*, 249 U.S. 47, 52 (1919) (explaining the First Amendment "does not protect a man from an injunction against uttering words that may have all the effect of force").

[36]*Barnes v. State*, 206 S.W.3d 601, 606 (Tex. Crim. App. 2006).

proscribed by statute. That request violates section 43.25 of the Texas Penal Code, which provides that a person commits an offense if [he] authorizes a child younger than eighteen to engage in *sexual conduct* or a *sexual performance*.[37] Section 43.25(a)(2) defines *sexual conduct* to include masturbation.[38] And subsection 43.25(a)(3) defines *performance* to include photographs.[39] Given these definitions, the conduct the State proved Edwards engaged in during the trial was integral to the jury's verdict that he asked a person he believed to be a child for a picture of the child engaged in a sexual performance, which is conduct that violated the Penal Code.[40]

Still, while he was in the trial court, Edwards could have (but did not) attempt to prove the statute was unconstitutional based on a claim that it is overly broad and encompasses to many circumstances that intrude on a person's right to engage in protected speech.[41] Edwards, however, made no such effort in his trial. While there, Edwards presented no evidence and did not explain why the statutes he now assails are unconstitutionally vague because they are too broad and intrude on a person's right to engage in protected speech. Here, Edwards argues for the first time that the

---

[37]Tex. Penal Code Ann. § 43.25(b).
[38]*Id.* § 43.25(a)(2).
[39]*Id.* § 43.25(a)(3).
[40]*See U.S. v. Stevens*, 559 U.S. 460, 468 (2010); *U.S. v. Williams*, 553 U.S. 285, 298 (2008).
[41]*See Holder v. Humanitarian Law Project*, 561 U.S. 1, 20 (2010).

sexual performance by a child statute is overly broad because the definitions in the statute for *sexual performance* and *sexual conduct* are not narrowly drawn.[42] According to Edwards, the reach of the statutes prohibit non-obscene communications between two consenting adults when one of the participants claims to be under seventeen.

Yet Edwards cites no cases to support that argument in his appeal. And the conduct proscribed by the statutes prohibit adults, like Edwards, from asking a person whom the defendant believes to be a child for a photograph depicting the child masturbating, a content-based regulation that falls outside the First Amendment's reach.[43] And it does not matter Angie turned out to be an adult, given the jury's finding, from the evidence, that Edwards believed she was not yet eighteen when he asked her for a picture that violated section 43.25.[44]

---

[42]Tex. Penal Code Ann. § 43.25 (a)(1), (2).

[43]*See U.S. v. Alvarez*, 567 U.S. 709, 717 (2012) (plurality op.) (noting that content-based restrictions on speech have been permitted when the speech is integral to the criminal conduct); *State v. Stubbs*, 502 S.W.3d 218, 226 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (concluding that "although solicitation conduct involves speech, it falls outside the ambit of First Amendment protection because the speech attempts to arrange illegal sex acts with a minor.").

[44]*See Ex parte Ingram*, 533 S.W.3d 887, 898-899 (Tex. Crim. App. 2017) (noting the First Amendment does not apply to speech that attempts to induce a child to engage in illegal sexual activity even if the solicited person turns out to be an adult); *Chen*, 42 S.W.3d at 930 (concluding that based on evidence the defendant was communicating with an undercover officer posing as a child over the internet, the doctrine of legal impossibility did not apply when completing the crime "was apparently possible" from the standpoint of the defendant).

As applied to Edwards, the statutes he complains about regulate criminal conduct, and criminal conduct does not enjoy the protections to speech set out in the First Amendment. We conclude that for the above reasons Edwards' second issue lacks merit, so it is overruled.

Relevance of the Other Chat Messages

In Edwards' third issue, Edwards argues the trial court abused its discretion by admitting (over his objection) sexually explicit messages that he exchanged with others in the same three-day period that he was chatting with Angie.[45] According to Edwards, "(1) the probative value of the evidence admitted was substantially outweighed by 'prejudice'; (2) the potential of the evidence to impress the jury in some memorable way was high; and (3) the evidence was not relevant to the offense nor a crime, wrong or bad act as described in Rule 404(b)."

An appellate court reviews a trial court's ruling on the admissibility of evidence under an abuse-of-discretion standard.[46] Under that standard, the trial court's ruling on evidentiary matters should be upheld as long as it was within the

---

[45]*See* Tex. R. Evid. 401, 403, 404(b)

[46]*See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018) (Appellate courts "review the trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard."); *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016) ("Appellate courts review a trial court's ruling on the admissibility of Rule 404(b) evidence for an abuse of discretion.").

zone of reasonable disagreement.[47] "[T]he Court of Appeals cannot simply substitute its own decision for the trial court's."[48]

In Edwards' trial, the trial court conducted a bench conference to decide whether the messages Edwards exchanged with other users over the internet were admissible. At trial, the State argued the messages were admissible because they rebutted Edwards' claim that the messages he exchanged with Angie did not show he intended for her to send him a photograph showing her masturbating.

The messages Edwards sent to individuals other than Angie generally reflect that Edwards was also soliciting photos that would have shown some of those individuals while they were engaged in sexual acts. And we acknowledge there is no evidence in the record showing that these others were not adults. Even so, we cannot say the messages to the others were irrelevant to proving how Edwards used the internet to obtain explicit sexual pictures of others—regardless of their age—while the person was engaged in a sexual act. For instance, one of Edwards' messages states: "How do you feel about trading pics." Another states: "For some reason I just feel like seeing c**k[.]" The State suggested—and the trial court apparently agreed—the messages Edwards sent to Angie asking to trade sexually

---

[47]*Gonzalez*, 544 S.W.3d at 370; *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).
[48]*Moses*, 105 S.W.3d at 627.

20

explicit photos was part of his design, plan, or scheme to obtain pictures showing the sexual acts involving others, regardless of that person's age.

When in the trial court, Edwards suggested that asking adults for sexually explicit photographs was not a crime.[49] And he argued that the messages to others were inadmissible as character evidence because the requests he made for these pictures did not constitute a crime. Edwards also argued the messages he exchanged with individuals other than Angie were more prejudicial than probative to the State's proving he committed a crime.[50]

Even so, when ruling on the matters over the admission or exclusion of evidence, the Rules of Evidence afford trial courts considerable discretion.[51] Generally, Rule 404(b) provides that a party may not introduce evidence about other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[52] But Rule 404(b) "excludes only that evidence that is offered (or will be used) solely for the purpose of proving bad character and hence conduct in conformity with that bad character."[53] One rationale that allows evidence addressing the defendant's other conduct is to rebut arguments defendants sometimes present that are designed to negate one of the elements of the

---

[49]*See* Tex. R. Evid. 401, 404(b).
[50]*See id*. 403.
[51]*Id*. 401-404.
[52]*See id*. 404(b).
[53]*De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

crime at issue in the defendant's trial. "That is, a party may introduce evidence of other crimes, wrongs, or acts if such evidence logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact."[54] Often, evidence of other acts may be admissible given one or more of the many exceptions to Rule 404(b).[55] Here, the record shows that from the outset of the trial, Edwards defended the case by arguing the evidence would not establish he knowingly attempted to induce a child to send him a sexually explicit picture, that is a picture depicting a child engaged in a sexual act.[56]

We also cannot say the trial court abused its discretion by finding the messages Edwards sent to others more probative than prejudicial.[57] Trial courts balance the following four factors in deciding whether to exclude relevant evidence in response to a party's claim arguing the evidence is overly prejudicial: (1) the probative value the evidence has in the case; (2) the potential the evidence has to impress the jury in an irrational and indelible way; (3) the time that will be required for the party offering the evidence to present it in the trial; and (4) how badly the

---

[54]*Id*. (cleaned up).
[55]Tex. R. Evid. 404(b)(2); *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on rehearing).
[56]Tex. Penal Code Ann. § 43.25.
[57]Tex. R. Evid. 403.

party who wants to introduce the evidence needs it to meet its burden of proof.[58]

Generally, we presume "relevant evidence is more probative than prejudicial."[59]

Given Edwards' trial strategy, we cannot say the trial court abused its discretion by striking that balance in favor of admitting the evidence. Any prejudicial value the evidence had, if any, was mitigated when the detective testified that nothing in the messages Edwards exchanged with others showed those individuals were minors. The State never suggested that Edwards' conduct in asking adults for sexually explicit pictures was a crime. Finally, the trial court reduced the risk that might have otherwise existed in admitting the messages by instructing the jury that in considering the messages the jury could consider the evidence only for an appropriate purpose.[60]

We conclude the trial court's ruling admitting the messages Edwards exchanged with individuals other than Angie fell within the zone of reasonable disagreement. For that reason, we overrule issue three.

---

[58]*See Colone v. State*, 573 S.W.3d 249, 266 (Tex. Crim. App. 2019).

[59]*Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

[60]The charge instructed the jury not to consider evidence of acts other than those alleged in the indictment except in "determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the Defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose." Rule 404(b) provides that trial courts may find evidence, otherwise inadmissible, admissible based on one of the exceptions the trial court listed in the instruction. Tex. R. Evid. 404(b)(2).

Jury Argument

In issue four, Edwards argues he is entitled to a new trial because the prosecutor called him a "liar," "felon," and "predator" during final argument. According to Edwards, the argument was improper and incurable. But the record shows Edwards failed to object to the argument, which he now claims was improper when it occurred. To preserve error, the party who complains must generally demonstrate that he lodged a timely objection to the matter sufficient to notify the trial court of his complaint.[61] And he must show the trial court ruled on the objection, unless a ruling is implied and apparent from the record in the appeal.

The rules requiring that a party preserve error apply even when the argument is one claimed to have been inflammatory and incurable.[62] But here, the record shows Edwards never objected or obtained any express or implied ruling from the trial court on the objection he raises for the first time in his appeal. Consequently, Edwards failed to preserve his complaints about the argument for our review.[63] Because issue four was not properly preserved, it is overruled.

---

[61]*See* Tex. R. App. P. 33.1(a); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).

[62]*See Hernandez v. State*, 538 S.W.3d 619, 622-23 (Tex. Crim. App. 2018) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)).

[63]*See* Tex. R. App. P. 33.1(a).

Conclusion

Because Edwards' complaints either lack merit or were not properly preserved for our review, the judgment the trial court rendered is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 12, 2021
Opinion Delivered August 25, 2021
Publish

Before Golemon, C.J., Kreger and Horton, JJ.